## FRY v. MERCHANTS' INSURANCE COMPANY.

1. The complainant should not be delayed in proceeding to foreclose a mortgage, because there is a controversy among the defendants about the surplus, after satisfying the mortgage.

2. When compensation is made in money, in *lieu* of an assignment of dower, the decree should not be for a gross sum, but for the payment annually, of the sum ascertained to be the annual value, of the dower interest.

3. When a woman marries, after the execution of a mortgage, by her husband, on land, a court of chancery, whilst it makes the security available to the mortgagee will take care that the interest of the widow is not affected, more than is necessary to secure the payment of the debt.

4. Upon a bill to foreclose a mortgage, where there are infant defendants, it is error to decree a sale of the property, without a reference to the master to ascertain, how much of the property it was necessary to sell, to satisfy the mortgage.

5. In the mode of offering the property for sale, the interest of all the defendants should be consulted.

Error to the Chancery Court at Mobile. Before the Hon. Anderson Crenshaw.

THE bill in this case was filed by defendant, against the plaintiffs in error, and alleges, that on the 1st of April, 1835, Wm. W. & G. H Fry, executed and delivered to Peter A. Remson and Miguel D. Eslava, their deed of mortgage whereby they conveyed to them, certain real estate in the city of Mobile, particularly described in the mortgage, which is made an exhibit to the bill, to secure a debt of forty two thousand three hundred and fifty dollars, due on their five several promissory notes, payable on the 1st April 1836, and on the 1st day of April of each successive year up to 1840 inclusive : that on the 13th May, 1835, the said mortgagees assigned said mortgage and notes to one Sheffield, who afterwards on the 13th Jan. 1843, assigned them to the complainant : that fifteen thousand dollars still remain due and unpaid on said notes: that Wm. W. Fry has departed this life, and that he left a widow, Martha E. Fry, and an only child, Wm. W. Fry, an infant under the age of twenty one years : that the widow

claims the right to redeem her dower interest, and James Stewart and William L. Thompson, of Kentucky, and the branch of the bank of the state of Alabama at Mobile, claims the right to redeem the mortgaged estate, by reason of some conveyance executed by said William W. and George H. Fry, but that none of the parties asserting an interest in the estate, or a right to redeem, will pay the plaintiff the balance due on said mortgage. The prayer of the bill is, that the several parties above named, be made defendants, and for a foreclosure and sale, &c.

The defendant, Thompson, answered the bill, and set up a conveyance from George H. Fry, for one half of the property, subsequent to the date of complainant's mortgage, to his co-defendant, Stewart, and a mortgage from Stewart to him, to secure a debt of about $8000 to $9000.

The branch bank answers, and claims title to a portion of the mortgaged estate, under a judgment rendered against William W. Fry and others, in the county court of Mobile, on the 25th June 1839, a levy and sale under it, and the sheriff's deed.

The answer of Martha E. Fry, insists on her right of dower, and if it be chargeable with the mortgaged debt, that an account be taken, and she be allowed to redeem her dower interest.

On the first Monday in Dec. 1845, a receiver was appointed by the chancellor, and on the 2d Monday in Dec. 1846, an order of reference was made to the master, to ascertain and report:

1. The sum due to complainant on the debt secured by the mortgage.

2. The sum due on the claims of the defendants, and the order of priority.

3. The claim of dower of Mrs. Fry, and how far it is affected by the mortgages, and the manner in which it should be protected.

4. The manner in which the property should be sold, and the best mode of selling the same for the interest of defendants.

5. The amount of money in the hands of the receiver, and the mode of its application.

The master reported, as due to the complainant, $10,000, with interest from 1st January 1845, and that complainant held the first lien : that the defendants, Thompson and Stewart, hold a lien on the undivided interest of Geo. H Fry, and the branch bank the equity of redemption of the undivided estate of William W. Fry : that Mrs. Fry's right of dower, attaches after the payment of complainant's debt ; that the property should be sold clear of dower, and she be allowed one fourth of the proceeds of the sale after the payment of complainant's debt : that the property should be sold in separate tenements: and that the sum received from the receiver should be appropriated to the extinguishment of complainant's debt.

Mrs. Fry, and the infant defendant, by guardian, excepted to the report ; their exceptions were overruled by the register, and they appealed therefrom, to the chancellor, who also overruled them, confirmed the master's report, and rendered a final decree in accordance therewith.

The errors now assigned by Martha E. Fry, are,

1. Because her right of dower was not decreed to be sold separately.

2. That her interest was blended with those of the other parties.

3. The confirmation of the master's report as to the mode of sale.

4. The decree of sale.

J. A. CAMPBELL, for plaintiff in error.

1. The court is bound to ascertain the best mode in which the estates of infants shall be sold. If the inferior court neglects this duty, or performs it negligently, it is error. 1 Ala. Rep. 379, 391.

2. The priorities between defendants should be settled in the decree ; and if erroneously settled, the court will reverse it. A cross bill is only required when there is a contradiction between the parties in regard to their rights. In this case, there is no opposition as to right—no conflict in fact. The simple question is, (no one objecting,) can the defendant ask for such an adjustment as will separate his estate for sale. 10 Paige, 49.

Fry v. The Merchants' Ins. Co.

3. The widow has a right to redeem her separate estate. 10 Paige, 49; 14 Pick. 98; 12 Ala. 112.

4. The answer of Mrs. Fry, insists upon a separation of her dower estate, and for leave to redeem it. The court should have allowed it. These questions were all presented in the court below, and no objection can be taken for any *laches*.

LOCKWOOD, contra.

The decree simply states, that the complainant has established its right to the relief sought. The master, in his report, states, that the complainant has the prior lien out of the whole fund; that the widow has the interest therein specified in the moiety of the balance, and that the bank claims the balance of the same moiety. The decree also directs the master to bring the whole fund into court, to be applied according to its directions. This was the proper course, when there are conflicting claims of defendants, which cannot well be adjusted in a bill filed to foreclose a mortgage. When a fund is in court, arising from a surplus fund in a mortgage suit, it is matter of discretion with the court, to direct a bill to be filed to ascertain the rights of conflicting claimants, or to settle their rights on reference to a master. Sweet v. Jacobs, 6 Paige, 365. The fund in which the defendant, W. W. Fry, claims an interest, is open to future investigation and decision. The complainant should not be delayed in proceeding to foreclose a mortgage on account of the conflicting interests of the defendants; but the decree should order the fund to be brought into court, subject to its future disposition. Cullum et al. v. Erwin, adm'r, 4 Ala. 452.

The mortgage was executed by the deceased husband of Mrs. Fry, long anterior to her intermarriage with him. She is therefore only entitled to dower in the surplus, which surplus cannot be ascertained, except by a sale of the premises. The isolated sale of her dower interest, in property consisting of different parcels, claimed by others having undivided interests, would, for the reasons before stated, bring much less, than if the separate parcels were severally sold in entirety. The wife is endowed of the surplus, after paying the mort-

gage debt. Titus v. Nelson, 5 Johns. Ch. 452; Hawly v. Bradford, 9 Paige, 201.

The peculiar connection of the interest of Mrs. Fry, with that of the other parties, in distinct parcels of undivided property, fixes the necessity of a sale of her interest with that of the others, it being for the mutual benefit of all.

The mode of sale, as reported by the master, and allowed by the court, was the best for the interest of all parties, and not prejudicial to that of the widow.

The proceedings, as disclosed by the record, authorize the decree of sale.

COLLIER, C. J.—It may be premised, that if a conflict of interest should exist among the defendants as to the disposition of the fund arising under the mortgage, of which the complainant is the assignee, beyond what is necessary to discharge it, the complainant should not be delayed in proceeding to a foreclosure and sale of the mortgaged premises, as its rights can be in no manner affected by a controversy, which merely concerns the defendants *inter se se*. Cullum et al. v. Erwin, 4 Ala. Rep. 453.

It is certainly true, that a court of chancery should guard the interests of infants, who are brought before it, and see that no decree, not in conformity to strict law, shall be made, which injuriously affects their rights. Where the object of a suit is to foreclose a mortgage, to which such persons are defendants, an inquiry should be made, not only, whether a sale of the whole, or only of a part, and what part of the premises will be most beneficial, but it is said the plaintiff must also prove his debt, before the master, in the same manner as if nothing had been admitted by the answer; and the master must report such proof, and also the computed amount of the principal and interest due; and of what, and which part of the premises, (if any short of the whole,) a sale would be sufficient to raise the debt; and at the same time, be most beneficial to the infant. Mills v. Dennis, 3 Johns. Ch. Rep. 367; Brinckerhoff v. Thalimer, 2 Johns. Ch. Rep. 486; Ontario Bank v. Strong, 2 Paige's Rep. 301; Walker et al. v. Hallett, 1 Ala. Rep. 379. The order of reference, and report of the master, made professedly in pursuance of it, are defec-

tive in several of the particulars, which we have stated are essential to the regularity of the proceedings.

In respect to the dower interest of Mrs. Fry, neither the bill, nor her answer, alleges that she was, or was not, married to her deceased husband at the time the mortgage was executed, and the register does not show, by any proof accompanying his *last report*, which was the only one received and acted on by the chancellor, when their marriage took place. The report, however, affirms, that the interest of the deceased husband, "after the satisfaction of the complainant's debt, is subject to the dower of Mrs. Fry; that the property should be sold clear of dower, and that her interest should be protected by allowing her one-fourth of the proceeds of said sale, after the payment of the complainant's debt." We infer from this statement, that the register was satisfied by proof, that the deceased mortgagor was not married to his surviving wife, at the time the mortgage was executed. His conclusion, that the wife should be allowed one-fourth of the remaining interest of her husband, after the complainant's debt was paid, cannotbe supported as a legal proposition. In Beavers v. Smith, 11 Ala. Rep. 20, it was held, that when compensation is made in money, the decree should not be for a gross sum, by estimating the supposed present value of the widow's life estate, but for the payment annually, of the sum ascertained to be the annual value of the dower interest, during the life of the dowress, secured by a lien upon the estate. See also Johnson v. Elliott, 12 Ala. Rep. 112.

In Bell v. The Mayor of New York, 10 Page's Rep. 49, the widow was the actor by bill in chancery, to be endowed of an equity of redemption. The chancellor said, "where the heir has the right to redeem, and the wife is entitled to dower in the equity of redemption, she has the equitable right to redeem her dower, as against the mortgagee, and those claiming under him, upon the payment of such portion of the encumbrance as is equitable and just. Van Dyne v. Thayer, 19 Wend. Rep. 162. Where that equitable right is actually vested in her, by the death of her husband in possession of the premises, as in this case, I can discover no principle of law or equity, which authorises the mortgagee to deprive her of it, except by the institution of such proceed-

ings against her, to foreclose the equity of redemption, as are by law, required to bar the equity of redemption of the heirs at law, in the same premises." It must, however, be observed, that there is a statute is New York which, either in terms, or by an equitable construction, authorises a life estate in lands to be valued and compensated in money. Such, at least, is inferable from the case cited. But it is said further, " In the ordinary case, of a life estate in the equity of redemption, existing in one person, and the remainder in fee belonging to another, if the mortgagee has foreclosed the equity of redemption of the remainder-man, but has through inadvertence, neglected to make the owner of the life estate a party to the foreclosure, the latter cannot claim possession of the premises, during the continuance of his life estate, upon paying the interest on the amount due upon the mortgage, from year to year, for life. But the court should, in such case, direct the master to fix a gross sum, upon the principles of which, the present value of a life annuity is calculated, considering the annual interest on the amount then due on the mortgage, as the annuity. And the proportion of the mortgage money of the owner of the life estate, being thus ascertained, he should be permitted to redeem his interest in the mortgaged premises, by the payment of that amount ; and then to be let into the possession during the continuance of his particular estate in the premises. Or the decree might direct his life estate to be sold, for the purpose of satisfying his proportion of the debt thus ascertained, and that the surplus arising from such sale should be paid to him." We have quoted thus largely from the case cited, though we cannot recognize it, at least, in some of its positions, as an authority to guide us, without overruling our decisions, and perhaps, arrogating, to some extent, the power of legislation.

If Mrs. Fry is not entitled to dower, as against the complainant, the complainant is entitled to have all, or so much (as may be necessary) of the mortgaged premises sold, as may be required, after appropriating the nett amount of rents, since the premises have been placed in the hands of the receiver, to pay the debt sought to be recovered, with interest. The dowress has never, by any direct proceeding, asked an assignment of dower, and if she were, it would only be allowed her, if at all,

subject to the complainant's rights, if they are paramount to her claim. In the present posture of the case, and upon the hypothesis that she was not married, until after the execution of the mortgage, all that a court of chancery could do, would be while it made the complainant's security available, to affect in as small a degree as is consistent with this paramount object, her subordinate interest.

We have not stopped to scan, with particularity, the exceptions to the register's report, though we have seen that it is obviously defective, in respect to the lien of the infant mortgagee. Nor will we inquire, whether the chancellor should not *mero motu* have set it aside, as an insufficient basis for his final action. Whatever our conclusions might be, upon these questions, we are satisfied that the decree itself, is erroneous, in ordering a sale of the entire mortgaged premises, though they consisted of three several tenements, which he directed to be sold separately. The decree certainly should not have adjudged all the property to be sold, if a part is sufficient to pay the debt. An application of the rents, as we have indicated, should first be made, and then, only so much, and such part of the property (having a due regard to the interest of the widow and heir,) as will extinguish the mortgage. To enable him to act understandingly in the matter, there should be a special reference to the register, and a report by him.

The priority of the subsequent incumbrances, is not a question which the assignment of errors presents, and perhaps, it will more appropriately arise upon the register's report, subsequent to the sale under the decree of foreclosure. We therefore, decline its consideration.

It was not incumbent upon the register, to have adopted the proposition of the guardian of the infant heir. The mode of sale it proposed, might, and would probably, have operated prejudicially to the defendant, who claims under George H. Fry, in subordination to the complainant, as well as to the branch of the bank of the state of Alabama, at Mobile. In protecting the widow and heir, it is not allowable to disregard the interests of their co-defendants.

This view is sufficiently indicative of onr opinion, upon several of the questions, suggested by the record, and if at-

Vol. 15—103

tentively observed, may serve as a guide in the ulterior proceedings, at least, so far as it respects the complainant's rights, as against the defendants. We have but to add, that the decree is reversed and the cause remanded, that another reference may be ordered, &c.

DARGAN, J. not sitting.