<hr />

## BOYNTON vs. SAWYER AND WIFE.

[ACTION TO RECOVER RENTS FOR USE AND OCCUPATION OF LAND.]

1. *When widow is entitled to dower.*—If the husband takes a conveyance in fee during the coverture, and at the same time mortgages the land back to the grantor, or to a third person, to secure the purchase-money, in whole or in part, his widow is not entitled at law, as against the mortgagee and those claiming under him, to dower in the land; but, as against all the world beside, she has a legal right to dower, subject to the prior rights and equities of the mortgagee; and if the mortgage is foreclosed after her husband's death, she is entitled to have her dower claim paid out of the surplus proceeds after satisfaction of the mortgage debt.

2. *When widow is entitled to rents of dwelling-house.*—The widow being entitled, as against the heirs, to dower in the lands on which her husband most usually resided at the time of his death, (Code, § 1359,) and to the pos-

session of the premises, free of rent, until her dower is assigned, she may maintain an action at law against the administrator, to recover the rents received by him during that time ; and the foreclosure of a mortgage given by her husband contemporaneously with the execution of the .conveyance to him, to secure the payment of the purchase-money, before the institution of her action, does not affect her right to recover the rents which had then accrued.

3. *Limitation of action for recovery of rents by widow.*—The widow's quarantine privilege, and her consequent right to rents, · terminate whenever her remedy for the assignment of her dower in the premises is barred by the statute of limitations; but an action for the recovery of such rents is not a suit or proceeding for dower, (Code, § 1372,) and is not barred until the expiration of six years from the time the cause of action accrued.

4. *When wife must sue alone.*—The rents of the premises to the possession of which the widow is entitled until her dower is assigned, constitute a part of the *corpus* of her separate estate; consequently, (Code, § 2131,) an action for their recovery must be prosecuted in her name alone, notwithstanding she has again married.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. NAT. COOK.

THIS action was brought by Leontine Sawyer and Martha B., his wife, against Henry B. Boynton, and was commenced on the 31st March, 1858. The complaint contained two counts; the first claiming $8,000 of the defendant, " for the use and occupation by him of a certain tavern-house in the town of Cahaba, known as the 'Burnett House,' with certain stables appurtenant thereunto, and several store-rooms, shops and offices in said building," which were alleged to be the property of Mrs. Sawyer, and to have been used and occupied by the defendant from the 1st August, 1853; and the second being in the common form for money had and received. The defendant pleaded *non assumpsit,* " in short by consent, with leave to give any special matter in evidence ;" and the plaintiffs replied generally, in like manner, " with leave to give in evidence anything that might be relevant to the issues."

" On the trial," as the bill of exceptions states, " the plaintiffs' witnesses testified, that James A. McEwen, the former husband of Mrs. Martha B. Sawyer, died in possession of the real estate mentioned in the plaintiffs' complaint, which was his mansion-house at the time of his

death; that the annual rents of said real estate were worth $2,000; that said McEwen died in the fall of the year 1853; that Wm. M. Lapsley administered on his estate during that year, took possession of said real estate, and rented it out until his resignation, in July, 1855; that the defendant qualified as administrator *de bonis non* of said estate on the 21st July, 1855, received the possession of said real estate from his predecessor, and annually thereafter, up to January, 1858, rented said real estate at public outcry. It was shown that Mrs. Sawyer, after the death of said McEwen, was in possession of said real estate; but there was no proof how long she remained in possession. It was in evidence also, by said witnesses, that said McEwen left surviving him one or two children by his marriage with said Martha, who were still living; and that the defendant's administration on said estate was still unsettled. The plaintiffs further proved, that said real estate was conveyed to said McEwen by one Nathan H. Jackson, by an absolute deed, executed on the 29th December, 1852, of which the following is a copy," (setting out the deed;) "and that said McEwen and wife at the same time executed to him a mortgage to secure the purchase-money, in the words and figures following," &c. "It was proved, also, that said McEwen died before said mortgage was foreclosed; that the administrator of said Jackson took possession of said real estate on 1st January, 1858, and sold the same under and in accordance with the said mortgage; and that the heirs of said Jackson were the purchasers at the sale. This was all the evidence in the case, and was reduced to writing. The defendant thereupon demurred to the evidence, and the plaintiffs joined in the demurrer; and after argument thereon, the court overruled the demurrer, and determined the issue in favor of the plaintiffs; to which the defendant excepted," and which he now assigns as error.

GEO. W. GAYLE, and H. B. BOYNTON, for appellant, BYRD & MORGAN, and J. D. F. WILLIAMS, *contra*.

R. W. WALKER, J.—1. Where the husband takes,

during coverture, a conveyance in fee, and at the same time mortgages the land back to the grantor, or to a third person, to secure the purchase-money, in whole or in part, the widow is not, as against the mortgagee and those claiming under him, entitled, in a court of law, to dower in the land. But, as to all the world beside, the equity of redemption is equivalent to the estate in fee; and hence the widow has a legal right to her dower in the land, against all persons except the mortgagee and those making title under his mortgage. In such case, she takes her dower, subject of course to the prior rights and equities of the mortgagee. Even as against the mortgagee, the widow can, in equity, claim her dower on payment of the mortgage; and if the mortgage is foreclosed, and the land sold, she will be entitled to her claim to the extent of her dower in the surplus proceeds after satisfying the mortgage. She has the right to redeem, and to call on the representative of her husband to apply the personal assets of the estate to the extinguishment of the mortgage debt, so as to free her dower from the incumbrance; and if the heir, or the owner of the equity of redemption, redeems, she will be let in to her dower, on her contributing her proportion of the mortgage debt.—Rossiter v. Cossit, 15 N. H. 38; Bell v. Mayor, 10 Paige, 49; Denton v. Nauny, 8 Barb. 621; Mills v. Van Voorhes, 23 Barb. 133; Mantz v. Buchanan, 1 Md. Ch. D. 202; Collins v. Terry, 7 Johns. 278; Runyan v. Stewart, 12 Barb. 537; Hastings v. Stephens, 9 Foster, 564; 4 Kent, 38, 47; Eslava v. Lepretre, 21 Ala. 528; Fry v. Merchants' Insurance Co., 15 Ala. 810.

[2.] McEwen having died before the foreclosure of the mortgage, his widow was, as against his heirs, entitled to her dower in the land; and either the heirs, or the personal representative of her husband, could have had her dower allotted to her, subject to the mortgage. Inasmuch as the husband had an estate in the land, of which, as against the heirs, the widow was dowable, it follows that she was, under the statute, entitled to retain possession of the premises free of rent, until her dower was assigned her, or the mortgagee asserted his prior rights by a fore-

closure, or by taking possession under the mortgage. Harrison v. Boyd, at June term, 1858 ; Shelton v. Carroll, 16 Ala. 148; 2d Coke's Inst. vol. 1, p. 16 ; Code, § 1359; Voelckner v. Hudson, 1 Sandf. Sup. Ct. R. 215 ; Slatter v. Meek and Wife, at the present term. The heirs of McEwen could not maintain an action against his administrator, for the rents which he received, while the widow was entitled to the possession of the premises.—McLaughlin v. Godwin, 23 Ala. 846. On the other hand, the widow has a right to the rents which accrued while she was entitled to the possession, and the administrator must be considered as holding them for her, and she can recover them by suit at law.—Inge v. Murphy, 14 Ala. 289 Oakley v. Oakley, 30 Ala. 132–3. This right of the widow to the rents received by the administrator during the continuance of her possessory interest, is in no wise impaired by the foreclosure of the mortgage before she instituted her suit for their recovery. Her right, having vested before the foreclosure, is not defeated by that event.

[3.] It appears that McEwen died in the fall of 1853, and that the administrator received the rents of the property from the 21st July, 1855, to the 1st January, 1858. By section 1372 of the Code, it is provided, that "all suits or proceedings for dower must be commenced within three years after the death of the husband, and not after." Hence, a portion of the rents received by the administrator accrued after the widow's remedy for the assignment of her dower had been barred by lapse of time. Section 1359 of the Code, which secures to the widow the enjoyment of her quarantine " until her dower is assigned her," must be construed in connection with section 1372, above quoted. When it is remembered that the statutory quarantine of the widow does not attach to any premises except those whereof she is dowable, it would seem to follow that her quarantine necessarily terminates whenever she loses her right to have dower assigned her. It is obvious that the words of section 1359, securing the widow in the possession " until her dower is assigned her," are not to be literally construed. Otherwise, her privilege would continue, although she might release her dower to

the heir, or be in any other way deprived of her right to it. This is certainly not the law; and hence we conclude that the widow's quarantine privilege, and her consequent right to rents, terminates whenever her remedy for the assignment of her dower in the premises is barred by the statute of limitations. It follows that, while Mrs. Sawyer has a right to the rents which accrued before the expiration of three years from the death of her first husband, she has no legal claim to the rents which accrued after that time. Her remedy for the recovery of the rents to which she is lawfully entitled is not a suit or proceeding for dower, within the meaning of section 1372 of the Code, but an action for money had and received, and will not be barred until six years after the cause of action accrued.—Code, § 2477 ; Slatter v. Meek and Wife, at the present term.

[4.] We think, however, that the husband of Mrs. Sawyer was improperly joined with her as a plaintiff in this suit. All that the quarantine statute secures to the widow is the use and occupation of the property, by herself, or by tenants under her, until her dower is assigned. She has only a possessory interest, determinable when the heir or person holding the fee shall elect to assign her dower, and place her in possession of the specific allotment. She has no such estate in the land as can be sold under execution at law, or be conveyed by deed.—Wallace v. Hall, 19 Ala. 367 ; Cook v. Webb, 18 Ala. 810. The rents sought to be recovered in this suit represent, and are a substitute for, the use and occupation, to which the widow was entitled. Inasmuch as they stand in the place of Mrs. McEwen's possessory interest in the premises, they belong, when received, to the *corpus* of her separate estate. They are not the income and profits of her separate estate, but constitute the separate estate itself, just as the payments on an annuity would do. The only 'income and profits' of the wife's separate estate, sought to be recovered in this suit, consist of the interest which is due on the rents received by the defendant. This is a mere incident of a suit for the principal. In Pickens v. Oliver, (29 Ala. 528,) it was held, that under section 2131

of the Code, the wife must sue and be sued alone, where the suit is for the *corpus* of her separate property, and where the rents, income and profits of the property, are the mere incident of a suit for the property itself, and not the foundation of the suit, she may recover them. The rents received by the defendant belonging to the *corpus* of the wife's separate estate, she should have sued *alone* for their recovery. Both of the plaintiffs were not entitled to recover, and for this reason the court erred in overruling the demurrer to the evidence.

Judgment reversed, and cause remanded.