DEMPSEY, HARREL & CO. *vs.* STAPLETON, ADM'R.

[ACTION ON PROMISSORY NOTE.]

1. *Administrator of an administrator ; what can not recover.*—The administrator of an administrator is not entitled to recover money due on a promissory note which was made payable to his intestate, but was really assets of the first estate, without proof that his intestate had accounted for it, or been charged with it on settlement.

2. *Separate statutory estate ; what constitutes part of corpus of.*—The rents and profits of land subject to the quarantine of a widow, belong to the *corpus* of her separate estate.

APPEAL from Circuit Court of Henry.
Tried before Hon. J. McCALEB WILEY.

Stapleton, as the administrator of Odom, sued the appellants on a promissory note made by them in favor of his intestate. Under the pleas of the general issue and payment, it was shown that the note was given for a balance due on a purchase of cotton made by the defendants from Odom. The cotton was produced on the lands of the estate of Gunn, of which Odom was the administrator, and at a time when Mrs. Gunn, who had intermarried with Odom, was entitled to her quarantine in the lands. Under these circumstances, and before the appointment of an administrator of Odom's estate, the defendants paid the money to Mrs. Odom. The cotton was regarded by Odom as the property of the estate of Gunn.

The court charged the jury, that if they believed the evidence, they must find for the plaintiff, and the defendants excepted.

W. C. OATES, for appellant.
J. A. CORBITT, and SEALS, WOOD & ROQUEMORE, *contra.*

B. F. SAFFOLD, J.—The proof does not tend to establish any right in the plaintiff to recover the money. His intestate does not appear to have accounted for it. It

either belonged to the estate of Gunn, in which case an administrator *de bonis non* of his estate is the proper person to sue, or to his widow. If her quarantine was not otherwise settled, she might have recovered its value from the representatives of her husband's estate by a suit at law, as the *corpus* of her separate estate.—*Boynton v. Sawyer and Wife*, 35 Ala. 497. If the money now sued for was a part of it, it was properly paid to her.

The charge that the jury must find for the plaintiff, was erroneous.

The judgment is reversed, and the cause remanded.