# Walden *v.* Speigner.

*Statutory Action of Unlawful Detainer, by Widow of Deceased Mortgagor, against Purchaser at Mortgage Sale.*

1. *Who may redeem; widow of deceased mortgagor.*—Under statutory provisions giving and regulating the right to redeem lands sold under execution, or power of sale in a mortgage (Code, §§ 1879, 1888, 1891), the right is not conferred upon the widow of a deceased mortgagor, who joined with her husband in a mortgage of the homestead, under which the land was sold after his death; although his estate was insolvent at the time of his death, and was so declared after the foreclosure of the mortgage by sale under the power, and the premises were afterwards set apart to her as her homestead, subject to the mortgage incumbrance.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. LEROY F. BOX.

This action was brought by Mrs. Emily P. Walden, the widow of George S. Walden, deceased, against J. H. Speigner, to recover the possession of a house and lot in Talladega; and was commenced on the 23d of April, 1887. The house and lot was the family residence of said George S. Walden at the time of his death, and was mortgaged by him in September, 1879, to L. E. Parsons, his wife joining with him in the conveyance. The mortgage was assigned by Parsons to M. W. Cruikshanks, and the property was sold, under a power of sale contained therein, in April or May, 1885, after the death of said Walden. The defendant became the purchaser at the sale, and possession was delivered to him by the widow, who had continued in possession after her husband's death. Walden left no surviving minor child or children, and was insolvent at the time of his death; and his estate was declared insolvent soon after the sale under the mortgage. The property was afterwards set apart to the widow as her homestead, subject to the mortgage incumbrance; and she made a tender and offer to redeem

within two years after the sale, which was refused by the defendant, on the ground that she had no right to redeem. These facts were alleged, in substance, in the amended complaint filed in the Circuit Court. The court sustained a demurrer to the complaint, on the ground that the plaintiff showed no right to redeem; and this ruling is here assigned as error.

KNOX & BOWIE, for appellant.—The redemption statute was intended to prevent the sacrifice of real estate, and is highly remedial. It should receive a liberal construction, and its benefits be extended to all persons who come within the mischief intended to be remedied. The plaintiff here, though not a debtor, was a party to the mortgage, and had an interest in the property sold—not only a right of dower, but a right of homestead. Without her signature and acknowledgment, the mortgage would have been a nullity. Her right of homestead has now become perfected, subject only to the incumbrance of the mortgage; and the property is sacrificed, if she is not allowed to redeem, since it is not subject to administration, and the administrator can not redeem in the interest of creditors. It would be a strange construction of a remedial statute, to extend its provisions to solvent estates, but withhold them from estates which are insolvent, and which most need its protection. A person may be entitled to redeem, although he is not *the debtor*, strictly speaking; as where one man mortgages his property for the debt of another; and where two tenants in common mortgage the property for the debt of one; in either of which cases, it is believed, the right of redemption could not be denied.

BROWNE & NEWMAN, *contra*, cited *Powers v. Andrews*, 84 Ala. 289; *Holden v. Rison*, 77 Ala. 515; *Searcy v. Oates*, 68 Ala. 111; 74 Ala. 331; 75 Ala. 297; 73 Ala. 387.

STONE, C. J.—I was dissatisfied with the ruling in *Powers v. Andrews,* 84 Ala. 289. I preferred then, and would still prefer, to follow the decisions made by this court in *Paulling v. Meade*, 23 Ala. 505, and *Bailey v. Timberlake*, 74 Ala. 221. I think the statute should be liberally interpreted, and that whoever, at the time of the sale, is the owner of the equity of redemption, or *residuum* of the estate, whether by purchase, succession, or by devolution, should be

[Cobb v. Thompson.]

let in to redeem; in other words, that the statutory right to redeem, within two years after sale, should be the necessary resultant of the equitable right to redeem or disincumber by paying off the incumbrance before sale.

The rule was differently announced in *Powers v. Andrews, supra,* at the last term. We then held, that only persons who fall within one of the enumerated classes can claim this right. In addition to judgment creditors, whose right is not presented in the present record, we enumerated all the classes upon whom the statute confers this right. Mrs. Walden was and is neither the debtcr, his personal representative, his heir or devisee, nor a child who was the grantee of Walden; who owned the land sold. She was and is only his widow, claiming the right to redeem, because the property was the family homestead at the date of the mortgage, at the time of his death, and at the time of the sale under the mortgage. She supplements her claim by showing that Walden, her husband, was insolvent when he died, and that in less than two years after the sale the estate was declared insolvent, and the property set apart to her, as her homestead.

Under the principles declared in *Powers v. Andrews,* we feel bound to deny her the right to redeem.

Affirmed.