FATHER H. VALENTIN AND THE HAWAIIAN TRUST COMPANY, LIMITED, AN HAWAIIAN CORPORATION, EXECUTORS AND TRUSTEES UNDER THE WILL OF JOHN ENA, DECEASED, *v.* MARIA K. ENA.

SUBMISSION ON AGREED STATEMENT OF FACTS.

ARGUED DECEMBER 19, 1907, FEBRUARY 4, 1908.
DECIDED FEBRUARY 6, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

EXECUTORS AND ADMINISTRATORS—*payment of debts from dowable and non-dowable property.*

Debts of a solvent estate should be paid from cash, but if that is insufficient the personalty in which the widow has no dower interest should be sold first.

ID.—*dower in mortgaged property.*

Decedent's note secured by mortgage on real estate should if properly presented be paid in the same manner as other debts, without contribution from the widow, and she will be entitled to dower in the estate redeemed, notwithstanding her release in the original mortgage.

OPINION OF THE COURT BY BALLOU, J.

From the agreed statement of facts it appears that Father H. Valentin and the Hawaiian Trust Co., Ltd., are executors and trustees under the will of John Ena, deceased, and that Maria K. Ena, widow of the said John Ena, has elected to take her dower in lieu of the provision made for her in the will. The personal property in the hands of the executors consists of cash approximating $24,000; stock, bonds and other movable property appraised at $61,000; one leasehold having an unexpired term of eighty-eight years valued at $5,000; and three other leaseholds having unexpired terms of less than

twenty-five years of the aggregate value of upwards of $6,000. The claims presented and allowed against the estate amount approximately to $45,560, among them being a promissory note of $30,000 secured by a mortgage on certain of decedent's real estate, in the execution of which Maria K. Ena joined, releasing her right of dower. A difference of opinion having arisen between the executors and the widow as to what funds or property should be used to satisfy the debts of the decedent certain questions have been submitted which will be discussed seriatim:

1. "Can the widow legally require the executors to sell the leaseholds having terms of less than twenty-five years unexpired for the payment of debts before using the cash on hand and other personalty for the purpose?"

This question arises because of the provisions of R. L. Sec. 2271 reading as follows:

"Every woman shall be endowed of one-third part of all the lands owned by her husband at any time during marriage, in fee simple, in freehold, or for the term of fifty years or more, so long as twenty-five years of the term remain unexpired, but in no less estate, unless she is lawfully barred thereof; she shall also be entitled, by way of dower, to an absolute property in the one-third part of all his movable effects, in possession, or reducible to possession, at the time of his death, after the payment of all his just debts."

A leasehold having a term of less than twenty-five years unexpired being expressly excepted from the estates subject to dower the widow has no interest therein unless it can be classed as a movable effect. Upon this last point the court requested further argument, but it is apparent that notwithstanding the statement in the case of *In re Vida,* 1 Haw. 63, a chattel real was at common law classed with immovables. Sheppard's Touchstone 447; 2 Blackstone Com. 386. It is possible that in amending the statute subsequent to this decision the legislature was misled by this statement and consequently neglected to include short term leases with the personal property in

which the widow is given a one-third interest subject to the debts, but from whatever cause the omission arose the statute as it stands gives her no interest in this particular kind of property.

We are of the opinion that it is the primary duty of the executors to pay the debts of the decedent from the cash on hand or collected by them in the course of their administration, but that if it becomes necessary as in the present case to sell any of the property of the decedent, the property in which the widow has no dower should be first disposed of. The common law dower of a widow is highly favored and the same protection should be accorded to statutory provisions conferring dower. *In re Vida,* 1 Haw. 63; *McCord v. Wright,* 97 Ind. 34. It is therefore generally though not universally held, in jurisdictions where the widow has no dower in personalty, that she is entitled to have the personalty sold to exonerate a mortgage debt on real estate, even when she has released her dower upon the execution of the mortgage. *Manz v. Buchanan,* 1 Md. Ch. 202; *Creecy v. Pearce,* 69 N. C. 67; *Boynton v. Sawyer,* 35 Ala. 497; Scribner, Dower, 511. The same reasoning would, in this case, necessitate the sale of the short term leases prior to the personalty in which the widow has a dower interest. We do not regard the reference to the husband's debts in the statute as implying that the enumerated property shall be charged therewith to the exclusion of the nondowable property.

The first question, being framed to present the issue as to whether the short term leases must be sold before using cash, must be answered in the negative.

2. "Can the widow legally require the executors to sell the mortgaged real estate to pay the mortgage or other debts before using the cash or other personalty for the purpose?"

This question must be answered in the negative. The debts of a decedent must be satisfied if possible out of the cash and personal property, and the executors have no jurisdiction or control over the real estate whether mortgaged or not in the

absence of a petition to the probate court under R. L. Sec. 1855, reciting that the personal estate is insufficient for the purpose of paying debts. Woerner, Administration, Sec. 338.

3. "Did the decedent have a legal estate in the mortgaged premises at the time of his death?"

4. "Are the mortgaged premises to which the widow relinquished her dower subject to dower?"

5. "Is the equity of redemption in said land mortgaged by decedent subject to dower?"

These are in form abstract questions of law, and so far as they present questions which might be the subject of a civil action within R. L. Sec. 1748, they appear to be reducible to a question as to the widow's right of dower in the mortgaged property after the mortgage debt shall have been paid. The executors contend that a determination of the third question is necessary to this consideration and that the English common law rule denying dower in an equity of redemption is in force here. Our common law, however, is that ascertained by American as well as English decisions, R. L. Sec. 1, and the doctrine that an equity of redemption is subject to dower is one which has become firmly established in a great majority of American jurisdictions, irrespective of statute and of the conflict between the legal and equitable theory of mortgages. *Snow v. Stevens,* 15 Mass. 278; 14 Cyc. 914; 11 Enc. of Law, 210. The principle is particularly applicable in jurisdictions where the widow is given an absolute one-third in the personalty, as in the case of solvent estates she ordinarily bears more than her share of the burden of redemption. *Mathewson v. Smith,* 1 R. I. 22.

6. "Shall the executors apply the personal property first to payment of the mortgage debt or shall said mortgaged premises be sold before any personalty is sold to pay debts?"

The duty of executors, as shown by the cases already cited, is to pay all debts of the decedent out of the cash and personal property so long as the same is sufficient for the purpose. The

promissory note of $30,000, even though secured by a mortgage on real estate, has been proved against the estate by the holder and should be paid in the same manner as any other note. As above stated the executors have no authority to sell the real property themselves nor should they require or permit a foreclosure when there is personalty enough to satisfy the debts.

7. "Is the widow's dower in the whole estate subject to said mortgage?"

The widow's dower in the movable effects of her husband is subject to the payment of all his just debts, provided the cash and nondowable personalty are insufficient, and in this sense is subject to the mortgage debt. · A widow's dower in real estate not mortgaged is not subject to the mortgage or any other of her husband's debts.

8. "Should the widow contribute out of her dower towards the redemption of said mortgage?"

9. "If so what proportion should she contribute?" ·

The widow is entitled to have the debts of the decedent which have been duly presented, including those secured by mortgage, paid by the executors and is not required to contribute thereto except in the consequent diminishment of the personalty. Except for the proceeds of the short term leases, she is in effect contributing her one-third of the personal estate in which she has an absolute interest for the redemption of land in which she has only a life interest in one-third. No other or further contribution can be required. The distinction between a redemption of mortgaged property by her husband or his personal representative after his death on the one hand, and by the heir or some other volunteer who has an interest in the redemption on the other hand, is clear and fundamental. 10 Enc. of Law, 166. The eighth question is therefore answered in the negative.

B. L. Marx (Kinney & Marx on the brief) for the executors.
A. G. M. Robertson for Maria K. Ena.