IN THE MATTER OF THE ESTATE OF JAMES B. CASTLE, DECEASED.

No. 1175.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. C. W. ASHFORD, JUDGE.

ARGUED JUNE 17, 1919.                    DECIDED JULY 5, 1919.

COKE, C. J., KEMP AND EDINGS, JJ.

DOWER.

Under Sec. 2977 R. L. 1915 the widow is entitled to one-third part of the movable effects in possession or reducible to possession of her husband at the time of his death after the payment of his just debts.

SAME.

> The term "movable effects in possession or reducible to pos-
> session" is less comprehensive than the phrase "personal property."

SAME—*life insurance.*

> The proceeds of policies of insurance upon the life of the hus-
> band which were made payable to his executors, administrators
> or assigns and collected by them subsequently to his death were
> not his movable effects in possession or reducible to possession
> at the time of his death and the widow possesses no dower right
> therein.

## OPINION OF THE COURT BY COKE, C. J.

James B. Castle died at Honolulu in the year 1918 and left an estate of the value of about $600,000 which was disposed of by the will of the deceased which was duly admitted to probate. The deceased carried insurance policies payable to his executors, administrators or assigns and from which the executors received the sum of $53,870. By the provisions of the policies of insurance the insured reserved the right to change the beneficiary at any time provided the policy was not then assigned. The deceased left surviving him a widow, Julia White Castle, and his son, Harold K. L. Castle, both of whom were provided for in the will. Mrs. Castle, the widow, waived her rights under the will and elected to take her dower right as provided by statute, and property of the value of $181,250 was assigned to her. Upon the hearing of the final accounts of the executors of the will the circuit court ordered one-third of the aggregate net amount collected by the executors upon the policies of life insurance carried by the deceased paid to the widow as part of her dower. From this order the executors have appealed to this court.

The question involved is whether a widow is entitled by way of dower to any part of the proceeds of an insurance policy upon the life of her deceased husband payable to

his executors, administrators or assigns. To determine this question it is necessary to construe the meaning and intent of section 2977 R. L. 1915 which is as follows:

"Every woman shall be endowed of one-third part of all the lands owned by her husband at any time during marriage, in fee simple, in freehold, or for the term of fifty years or more, so long as twenty-five years of the term remain unexpired, but in no less estate, unless she is lawfully barred thereof; she shall also be entitled, by way of dower, to an absolute property in the one-third part of all his movable effects, in possession, or reducible to possession, at the time of his death, after the payment of all his just debts."

The common law right of dower entitled the wife to a life estate in one-third of all the lands and tenements of which the husband was seized of an estate of inheritance at any time during coverture. It is to be noted that by the provision of our statute the right of the widow has been extended beyond the common law to the extent that she acquires an absolute property in one-third of her husband's movable effects in possession or reducible to possession at the time of his death after the payment of his just debts.

The appellee argues that the term "movable effects in possession or reducible to possession," as the term is used in the statute, is equivalent to "personal property." Property is grouped into two general classes, to wit, personal property and real property and if the contention of appellee is sound the conclusion necessarily follows that a widow is entitled by way of dower to an interest in all of the real and personal property of her deceased husband. The statute in our opinion does not extend that far. In a prior decision of this court it is clearly indicated that in some classes of personalty the widow enjoys no dower interest. In *Trustees Ena Estate* v. *Ena*, 18 Haw. 588, the following language is employed:

"Debts of a solvent estate should be paid from cash, but if that is insufficient *the personalty in which the widow has no dower interest* should be sold first." And again in the same opinion: "The widow's dower in the movable effects of her husband is subject to the payment of all his just debts, provided the cash *and nondowable personalty* are insufficient." A contract of life insurance is a mutual agreement by which one party undertakes to pay a given sum upon the happening of a particular event contingent upon the duration of human life in consideration of the payment of a smaller sum immediately or in periodical payments. The right to the amount due upon the policy does not come into existence until after the death of the insured. The money belongs to the insurer who is charged with the duty created by the contract to pay the beneficiaries. The only thing which the insured can grant is an interest in the contract. See *Tyler* v. *Treasurer and Receiver General,* 115 N. E. 300. In *re Estate of Alexandre,* 19 Haw. 551, the question reserved was whether the proceeds of a contract of insurance in a mutual benefit association which the deceased prior to his death had directed should be paid to the executor of his will for the benefit of the estate were part of the estate of the deceased and whether the widow had a dower interest therein, etc., and the court held that the widow was only entitled to dower in the movable effects in possession or reducible to possession and that the money in question was not personal property of the deceased nor a part of his movable effects in possession or reducible to possession, for which reason the widow was excluded from any right therein. An early and well considered case upon this subject is *Strong* v. *White,* 19 Conn. 238. The question there involved was whether where a testator bequeathed to his son all his movable property that he should die possessed of included a judgment debt which existed in favor of the

testator at the time of his death.  In that opinion the court says: "The adjective 'movable' applied to property signifies in its ordinary and proper sense that which is capable of being moved or put out of one place into another.  It therefore necessarily implies that such property has an actual locality and is susceptible of locomotion or a change of place. * * * It is however insisted that the word 'movable' applied as an epithet to property is equivalent to the word 'personal,' and in support of this claim we are referred to Blackstone.  This position, however, so far from being supported, is discountenanced by that writer. * * * He·did not deem the phrases 'movable property' and 'personal property' to be equivalent, but on the contrary considered movable property to be only one of the several species of personal property." See also 2 Bouvier's Law Dict. 2266 and *Sullivan* v. *Richardson*, 14 So. 692, 709.

We think it is plain that the proceeds of the policies of insurance upon the life of Mr. Castle which were made payable to his executors, administrators or assigns and collected by them subsequently to his death, were not his movable effects in possession or reducible to possession at the time of his death and that the widow possesses no dower right therein.

The order appealed from is reversed and the cause remanded to the court below for proceedings consistent with this opinion.

*A. Withington (Marguerite K. Ashford* with him on the brief) for the appellants.

*F. M. Hatch* for the appellee.