(35 South. 525)

**COX v. SOMERVILLE et al. (2 Div. 707.)**

(Supreme Court of Alabama. May 20, 1920.)

1. **Appeal and error ⟪1075—Request for determination on merits excludes question of complainant's right to maintain bill.**

In suit to declare void mortgages purporting to have been executed by complainant and her husband on two tracts, one owned by complainant, other consisting of parties' homestead, where counsel for respondents stated in argument on complainant's appeal that they desired a determination on the merits without regard to procedure, complainant's right to maintain bill as to the homestead tract, she having obtained a decree as to her own tract, is not presented.

2. **Appeal and error ⟪1009(1)—Judgment on oral testimony will be disturbed only for palpable error.**

Where in equity suit the witnesses have been examined orally, the judgment of the trial court will not be disturbed unless palpably erroneous.

3. **Acknowledgment ⟪59—Burden on mortgagees to prove handwriting of deceased officer who took acknowledgment.**

In suit attacking mortgage on her homestead land by a wife claiming forgery by her husband of her signature and that of the officer who took the acknowledgment, where it appears that the justice whose name was signed to the acknowledgment is dead, burden to offer proof of handwriting shifts to respondents, and in absence of further proof certificate of acknowledgment is sufficiently falsified by evidence of the husband confessing forgery of acknowledgment.

4. **Appeal and error ⟪931(1)—No presumption in favor of judgment on oral testimony where burden of proof misapplied.**

Where it appears that the holding of the trial court was the result of a misapplication of rule as to burden of proof, there is no presumption on appeal in favor of the judgment of the court below, rendered after hearing witnesses orally examined.

Appeal from Circuit Court, Dallas County; B. M. Miller, Judge.

Bill by Lula E. B. Cox against R. L. Somerville and others to have mortgages declared void. From decree in part for respondents, complainant appeals. Affirmed in part, in part reversed and rendered.

Appellant filed this bill against appellees, seeking to have declared void three certain mortgages purporting to have been executed by complainant and her husband, C. C. Cox. The mortgages embraced two separate tracts of land, one consisting of 45 acres owned by complainant in her own name, and the other consisting of 33½ acres owned by the husband, C. C. Cox, who was made a party respondent to the bill. This latter tract is alleged to have been the homestead at the time of the execution of said mortgages, and of value less than $2,000. Complainant alleged that she neither signed nor acknowledged any of these mortgages, and sought to have the mortgage on the 45 acres, her separate estate, canceled upon the additional ground that it was to secure a debt of her husband.

Respondent C. C. Cox admitted the allegations of the bill. The other respondents answered, denying the bill, and sought correction of the description of the 33½ acres, together with foreclosure of the mortgages.

The witnesses were examined orally before the court, except C. C. Cox, whose depositions were taken. C. C. Cox, the husband of complainant, testified that he signed the name of his wife to the mortgages without her knowledge or consent, or authority in any manner; that she did not appear before the officer purporting to have taken such acknowledgment as shown by the mortgages, but that he signed the name of the officer to the acknowledgments, his wife knowing nothing about it. His testimony further discloses that he had resided upon the 33½ acres as his homestead for the past 30 years, and that its value did not exceed $2,000. The mortgages in question were dated in 1910, 1912, and 1916.

Complainant testified in her own behalf, denying that she executed any of the mortgages, or that she appeared before any officer to have her acknowledgment taken, or that she received any benefit therefrom.

The husband was at that time confined to his bed with a fatal malady, and it appears that he died before the submission of the cause, and revivor was therefore had against his administrator.

One witness, qualifying as an expert, testified to the genuineness of the signature to the mortgages by comparison of admitted handwritings, while another testified to the contrary. The original instruments, together with the handwriting of admitted genuine signatures, were certified to this court.

The court below granted relief as to the 45 acres, holding the mortgages void as to

---

⟪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

said separate estate of the complainant, but held to the conclusion that her signature to all the mortgages was genuine, and decreed that the mortgages on the homestead tract of 33½ acres were valid and subsisting liens thereon, and ordered the foreclosure of said mortgages upon said homestead. From this decree the complainant prosecutes this appeal.

S. F. Hobbs, of Selma, for appellant.

No mortgage on the homestead is valid, without the voluntary signature and assent of the wife, section 205, Const. 1901; section 4161, Code 1907; 62 Ala. 486, and the cases following it.

Reese & Reese and Keith & Wilkinson, all of Selma, for appellees.

Counsel criticize the evidence and the authorities cited by appellant, and assert that the court had the witnesses before it, and that its finding will not be disturbed, unless plainly erroneous. 201 Ala. 653, 79 South. 125; 201 Ala. 629, 79 South. 191; 201 Ala. 674, 79 South. 246; 201 Ala. 685, 79 South. 257; 202 Ala. 175, 79 South. 659; 80 South. 36; 80 South. 410; 81 South. 364; 202 Ala. 609, 81 South. 551, and 203 Ala. 38, 81 South. 829; 203 Ala. 170, 82 South. 420; 203 Ala. 266, 82 South. 510.

GARDNER, J. This appeal involves only the validity of the mortgages upon the homestead tract of 33½ acres, and counsel for appellees in commendable candor stated in argument upon the submission of this cause that they desired a determination of the case upon its merits without regard to any question of procedure.

[1] The complainant's right, therefore, to maintain the bill as to the homestead tract is not here presented (Seaman v. Nolen, 68 Ala. 463; Grider v. Am. Freehold L. & M. Co., 99 Ala. 281, 12 South. 775, 42 Am. St. Rep. 58; Cowan v. So. Ry. Co., 118 Ala. 554, 23 South. 754), and we proceed to a consideration of the question of fact here involved.

The wife denies the execution of any of these mortgages, or that she ever appeared before any officer for an acknowledgment thereof. The husband admits that he forged her name to these instruments, and likewise forged the name of the officer to the acknowledgments; and the evidence of the two experts as to the signature of the wife appears to balance one against the other.

[2] The witnesses were examined orally, except the husband whose depositions were taken on account of his illness. And appellees confidently rely upon an affirmance of the decree upon the well-recognized rule that the judgment of the court below, where the witnesses have been examined orally, will not be disturbed unless palpably erroneous. We may pass the question as to the genuineness of the signature of the wife to these mortgages as unnecessary to determine, for we are persuaded that the holding of the court in Barnett v. Proskauer, 62 Ala. 486, upon the question of evidence sufficient to impeach the certificate of acknowledgment, is decisive of this appeal in favor of the appellant. The facts of the two cases are strikingly similar. Here, as there, the wife denies that she ever signed or appeared before any officer for the purpose of acknowledging her signature. In both cases she is corroborated by the evidence of her husband, who confessed to the forgery of her name, as well as the purported acknowledgment of the officer.

[3] The bill gave full notice of these facts. Appellees offered no evidence to the contrary, and the cause was submitted for final decree upon the proof, which without conflict established the forgery of the acknowledgment. In the instant case it appears that the justice of the peace whose name appears to have been signed to the certificate of acknowledgment is dead; and it seems to have been assumed that the burden of proof further rested upon the appellant to offer proof as to the handwriting. The effect of the holding in the Barnett Case is that under these circumstances the burden shifted to the appellees, and that in the absence of further proof the certificate of acknowledgment had been sufficiently falsified. Upon this question of fact appellees offered no proof whatever. Counsel for appellees seek to differentiate the Barnett Case from this, but the differences pointed out do not affect the direct application of the holding upon the particular question here involved.

[4] It therefore appears that the holding of the court below was the result of a misapplication of the rule as to the burden of proof; and when such is the case the rule, previously stated as to presumption in favor of the judgment of the court below, is without application. Murphree v. Hanson, 197 Ala. 246, 72 South. 437.

We consider the homestead character of this tract at the time of the execution of these mortgages so well established by the proof as to require no discussion.

The conclusion is therefore reached that the trial court was in error in that portion of the decree holding valid the mortgage upon the homestead tract. That part of said decree will be reversed, and a decree will be here rendered declaring the mortgages thereon invalid. So much of the decree as relates to the 45-acre tract will, as matter of course, be affirmed. The appellees (the administrator of the estate of C. C. Cox excepted) will be taxed with the costs in this court and in the court below.

Affirmed in part, and in part reversed and rendered.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.