(92 South. 109)

**TAYLOR et al. v. TAYLOR. (4 Div. 969.)**

(Supreme Court of Alabama. Feb. 9, 1922.)

Mortgages ⬤⟲594(6)—Wife's inchoate right of dower sufficient interest to confer right of equitable redemption under mortgage on homestead.

Where husband and wife executed a mortgage on homestead and husband refused to pay the indebtedness, the wife's "inchoate right of dower," which is more than a possibility and may well be denominated a contingent interest, was a sufficient interest in the lands to confer the right of equitable redemption under the mortgage.·

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Bill by Mrs. Oda Taylor against J. F. Taylor and the First National Bank to redeem from foreclosure sale. From a decree overruling demurrers to bill, respondents appeal. Affirmed.

Bill filed by appellee against appellants, J. F. Taylor and the First National Bank of Elba, seeking the exercise of the equity of redemption as to a certain mortgage executed by complainant, Oda Taylor, and respondent J. F. Taylor, her husband, to one Foreman on certain lands situated in Covington and Coffee counties, which said mortgage by proper transfer has become the property of the respondent bank. The bill shows that complainant was the lawful wife of respondent J. F. Taylor at the time of the execution of said mortgage, and is still, and that she and her husband were residing on the lands as their homestead at the time of the execution of said mortgage, and still are, and that she has an inchoate right of dower in said lands, and that they were used as the homestead, and are now so used; that the husband, J. F. Taylor, has failed or refused to pay the indebtedness evidenced by the mortgage, or to exercise his equity of redemption under said mortgage, which is threatened to be foreclosed; that complainant is ignorant of the amount due thereon, but respondents have knowledge of such amount, and discovery is prayed. It is then averred that provision be made by the court, and opportunity given the husband, J. F. Taylor, to pay off the indebtedness within a reasonable time, and upon his failing or refusing to so redeem that it be decreed that complainant be allowed to redeem said lands by paying off and discharging the indebtedness found to be due on the mortgage within such time as the court may fix.

Respondents J. F. Taylor and the bank jointly and severally demur, the ground of demurrer being that the only right the complainant has is the contingent dower interest, and that such a right does not confer the right of equitable redemption. There was decree overruling the demurrer, from which the respondents prosecute this appeal.

W. W. Sanders, of Elba, for appellants.

One asserting the right of redemption must have the legal title, and a wife has no such interest in the lands as gives her the right of redemption, while the husband is living. 64 Ala. 330; 77 Ala. 515; 15 Ala. 810; 35 Ala. 497; 87 Ala. 379, 6 South. 81; 155 Ala. 236, 46 South. 494; 97 Ala. 361, 12 South. 162, 19 L. R. A. 470.

A. Whaley and A. R. Powell, both of Andalusia, for appellee.

The wife has such an interest as entitles her to redeem during the lifetime of her husband. 19 C. J. 487; 184 N. Y. 411, 77 N. E. 721, 3 L. R. A. (N. S.) 1068, 112 Am. St. Rep. 620, 6 Ann. Cas. 471; 13 Ala. 60; 9 R. C. L. 596; 68 App. Div. 104, 74 N. Y. Supp. 212; 97 Ala. 361, 12 South. 162, 19 L. R. A. 470; 143 Ala. 518, 39 South. 279, 5 Ann. Cas. 459.

⬤⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

GARDNER, J. By this bill complainant seeks to exercise the equity of redemption as to certain described lands, upon which she and her husband had executed a mortgage; the property and debt being that of the husband. Complainant alleges that the husband fails or refuses to himself pay the indebtedness and to exercise the equity of redemption; and her right to maintain this suit is based upon this averment in connection with her interest as an inchoate right of dower in the lands, together with the fact that the same constituted the homestead.

The overwhelming weight of authority sustains the view that the wife's inchoate right of dower under such circumstances is a sufficient interest in the land to sustain the bill. 2 Jones on Mortgages, § 1067; Mackenna v. Fid. Trust Co., 184 N. Y. 411, 77 N. E. 721, 3 L. R. A. (N. S.) 1068, 12 Am. St. Rep. 620, 6 Ann. Cas. 471, and note; Kopp v. Thele, 104 Minn. 267, 116 N. W. 472, 17 L. R. A. (N. S.) 981, 15 Ann. Cas. 313, and note; 9 R. C. L. p. 596; 19 Corpus Juris, 487; Davis v. Wetherell, 13 Allen (Mass.) 60, 90 Am. Dec. 177. In this latter case, speaking of the inchoate right of dower, it was referred to as:

"A valuable interest, which is frequently the subject of contract and bargain. * * * It is more than a possibility, and may well be denominated a contingent interest."

The court further said:

"Upon general principles of equity, it is difficult to find a reason why an inchoate right of dower should not be protected against extinguishment by the foreclosure of a mortgage."

The question has never been precisely presented to this court, but the reasoning of the opinion in McGough v. Sweetser, 97 Ala. 361, 12 South. 162, 19 L. R. A. 470, supports this view. It was there held that the dower right of the wife had not been affected by the foreclosure of a mortgage, in the execution of which she had joined, in a judicial proceeding to which she was not made a party, and that there was still left to her the common-law right of redemption. In Sandlin v. Dowdell, 143 Ala. 518, 39 South. 279, 5 Ann. Cas. 459, is the expression:

"The wife has in the property an inchoate right of dower which the mortgage purported to convey, and she being a party to the bill, a foreclosure decree would exclude her from afterwards asserting."

Indeed, some of the authorities cited parenthetically in the recent case of Cox v. Somerville, 204 Ala. 261, 85 South. 525, would likewise tend to support this view. As in Grider v. Am. Freehold Land, Mortg. Co., 99 Ala. 281, 12 South. 775, 42 Am. St. Rep. 58, speaking of the homestead right, the court said:

"It may be, that, if the title to the homestead is clouded, whereby the wife may suffer injury by the probable loss of its use and enjoyment as a homestead, and the husband refuses to take the necessary steps to have the clouds removed, she will be permitted, by virtue of her incidental interests in the land, as wife and member of the owner's family, to come into equity to have the title of the husband made clear."

And in Seaman v. Nolen, 68 Ala. 463, speaking upon the question of homestead, is found the expression:

"The cross-bill contains no averment that the husband fails to act in the premises."

The authorities cited by counsel for appellant, among them Fry v. Ins. Co., 15 Ala. 810; Boynton v. Sawyer, 35 Ala. 497; Walden v. Speigner, 87 Ala. 379, 6 South. 81; Robbins v. Brown, 151 Ala. 236, 44 South. 63—have been examined, and we find nothing in them in conflict with the conclusion we have here reached. Some of these cases, notably Robbins v. Brown and Walden v. Speigner, supra, deal with the question of statutory redemption, and are therefore inapplicable here.

Nor do we see any difficulty in the practical administration of such a ruling, as suggested by counsel for appellant, especially under a bill of this character, where the wife does not seek the exclusive exercise of the equity of redemption, but only in the event the husband fails or refuses to act, and where the husband is brought in as a party to the suit with the mortgagee. Certainly, under these circumstances, the rights of all the parties may be fully protected.

The rule which we here adopt, sustaining the sufficiency of this bill, is supported by the overwhelming weight of authority, and it is, in our opinion, founded upon sound and just principles. We are in accord with the holding of the court below, and conclude that the decree rendered is correct. It will therefore accordingly be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.