FORSTALL *vs.* FORSTALL ET AL.

FORSTALL
*vs.*
FORSTALL
ET AL.

4L 214
44  416

APPEAL FROM THE COURT OF PROBATES OF NEW-ORLEANS.

The probate court of a parish does not lose its jurisdiction of a succession which was opened therein under the provisions of the old code and while it was in force, although no proceedings were had until after the promulgation of the new code which repealed the provisions of the old.

The facts are stated in the opinion of the court, delivered by MARTIN, J.

The plaintiff, father of the defendants, being desirous to put an end to the community of goods which had existed between him and their mother, and had continued since her death between him and them, applied to the Court of Probates of the parish and city of New-Orleans. His wife having died in that city before the promulgation of the new code, one of the sons declined the jurisdiction of that court, contending that although if the proceedings had been commenced immediately after his mother's death or at any time before the new code was in operation, the present court would have been the proper tribunal to act thereon, New-Orleans being the place where she died, and at that time the succession was opened at the place of the party's death. But since the new code, the succession is opened at the place of the deceased's last residence; in the present case, in the parish of Plaquemines, and therefore, the court of this latter parish is the tribunal before whom the plaintiff should have proceeded. The jurisdiction was sustained, and he appealed.

It appears to us the judge of probates did not err. The succession is opened on the natural death of the party. *Pothier, Successions,* 58.    *Civil Code,* 158, *art.* 58.    *N. Code,* 928.

The probate court of a parish does not lose its jurisdiction of a succession which was opened therein under the provisions of the old code and

As the deceased died in the parish of Orleans in 1823, her succession was opened here. In the case of *Hening vs. Harang,* (7 *Martin, N. S.* 51), we held that if after the death of the party, the parish he died or resided in, be divided, the proceedings are to be carried on in that part of the new or old parish in which the party died or resided in; that being of

the two parishes the one which appeared to have been con- <span>EASTERN DIS.</span> templated by the legislature, as well as the most convenient <span>July, 1832.</span> to all the parties interested.

The repeal of the original provision cannot, however, have a retrospective effect, so as to give to a then existing parish a jurisdiction evidently given by law to another, however we may deem the new provision the most proper and convenient.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Court of Probates be affirmed, with costs.

*Morphy*, for appellant.  *Lavergne*, for appellee.