## No. 5143.

BETTIE CLEMENS, Guardian, etc., v. FRANCIS AUGUSTUS COMFORT.

In 1861, by an act of the Legislature, a part of the territory of the parish of Madison, embracing the plantation claimed in this suit, was transferred to the parish of Tensas after the decease of the owner, who died in 1855.

In 1867 an attempt was made to open the succession of the deceased in the parish of Tensas, by appointing a curator of absent heirs, who caused the property to be sold to pay debts, as it is alleged. It is through this sale that the defendant claims to hold.

The probate court of Madison parish, where the deceased had his domicile at the time of his death, had exclusive jurisdiction of his succession. Everything done in that succession in the parish of Tensas was therefore null and void.

APPEAL from the Thirteenth Judicial District Court, parish of Tensas. *Hough*, J. Jury trial. *E. D. Farrar* and *John Ray*, for plaintiff and appellee. *Drake & Garrett, Thomas P. Farrar* and *E. H. Farrar*, for defendant and warrantors, appellants.

LUDELING, C. J. This is a petitory action. F. A. Comfort, who was in the actual possession of the land claimed, disclaimed title, but alleged it was in Mrs. Julia Trezevant. Mrs. Trezevant for answer alleged that she was the owner under a just title, and called J. E. Slicer in warranty. The case was then continued till the next term of the court, when Slicer filed his answer, averring that he transferred to Mrs. Trezevant a valid title, "the same having been homologated by a judgment of monition," etc.

The case was tried by a jury, who rendered a verdict in favor of the plaintiff for the land and for rents at the rate of $510 per annum from first January, 1868, and costs.

The plaintiff entered a *remittitur* for $750 for taxes paid by defend-

ant and for value of improvements made· on the lands, and judgment was rendered in accordance with the verdict and *remittitur*.

The defendant has appealed.

The evidence shows that the plaintiff's wards are the children and heirs of H. H. Groves, who died in 1855; that at the date of his death he was the owner of the place in controversy, upon which he resided, and which was then situated in the parish of Madison. It further appears that his widow was confirmed as natural tutrix to his children; that an inventory of the property was made and letters of tutorship were issued to her.

In 1861, by an act of the Legislature, a part of the territory of the parish of Madison, embracing the plantation in question, was transferred to the parish of Tensas. In 1867 an attempt was made to open the succession of H. H. Groves in the parish of Tensas by appointing a curator of absent heirs, who caused the property to be sold to pay debts, it is alleged. It is through this sale that the defendant claims. to hold.

The probate court of Madison parish, where the deceased had his domicile at the time of his death, had exclusive jurisdiction of his succession. C. C. 935; C. P. 929; Succession of Williamson, 3 An. 261; 21 An. 399. Everything done in that succession in the parish of Tensas was therefore null and void.

This view of the case renders it unnecessary to pass upon the bills. of exceptions taken on the trial.

It is therefore ordered and adjudged that the judgment of the lower court be affirmed with costs of appeal.

Rehearing refused.