*Magoon & Weaver* for appellants.

*W. C. Achi* for appellees.

---

CECIL BROWN, TRUSTEE UNDER DEED OF TRUST OF AUGUST DREIER, *v.* D. L. CONKLING, TREASURER OF THE TERRITORY OF HAWAII.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED FEBRUARY 2, 1910.                    DECIDED FEBRUARY 14, 1910.

HARTWELL, C.J., PERRY AND DE BOLT, JJ.

STATUTES—*construction and constitutionality of inheritance tax law.*

Act 102, S. L., 1905, is applicable to a transfer to a trustee of corporation stock to be disposed of at the death of the grantor accord-

ing to the terms of the trust, he retaining the whole beneficial use during his lifetime and also the power to revoke the transfer. The act is not unconstitutional by reason of discrimination or lack of uniform protection.

## OPINION OF THE COURT BY HARTWELL, C. J.

This was an action of assumpsit to recover $11,864 which had been paid by the plaintiff to the defendant under protest as an inheritance tax of two per cent. upon $599,200, the agreed value of 2996 shares of corporate stock which on November 5, 1907, August Dreier had assigned and delivered to the plaintiff as a trustee to hold the same and pay the income thereof to him, Dreier, during his lifetime, and upon his death to pay to each of his four children the income of one-fourth or 749 of said shares and upon their death to deliver the 749 shares to the heirs of each of them with a provision that at any time after the grantor's death the trustee in his discretion might deliver the 749 shares to any of the children absolutely, the deed declaring that the grantor "hereby deposits with and delivers to the trustee for the said use and benefit of the beneficiaries aforesaid the said shares of stock," 749 shares being placed in four separate envelopes marked "For Anna Dreier Markham and her heirs at law;" "For Adele Dreier and her heirs at law;" "For August Dreier, Jr., and his heirs at law," and "For Edward Dreier and his heirs at law;" the grantor further declaring in the deed that he makes the trustee "his true and lawful attorney for the grantor and in his name to make any transfer of said stock and to do all things required to effectuate the intent of these presents," but with the proviso that during his lifetime the shares remain in his name on the books of the corporation and that he retain the right to vote the stock and exercise all rights of a stockholder at meetings and in all business affairs of the corporation and that upon any of the children dying during the grantor's lifetime without leaving issue "the gift aforesaid is to cease and determine as to the said share or

interest of such said beneficiaries as may die and the shares of stock allotted to the said decedent are to revert to the grantor," and further that "this trust deed is revocable and the grantor reserves the right and power to at any time revoke the said instrument by will, deed or any instrument in writing, whereupon the trusts herein established shall be void and of no effect." The grantor had other property which was disposed of by will which has been admitted to probate. He died May 19, 1908, without having revoked the assignment. The tax was assessed under Act 102 S. L. 1905, Sec. 1, which provides:

"All property which shall pass by will or by the intestate laws of this Territory from any person who may die seized or possessed of the same * * * or which or an interest in or income from, which shall be transferred by deed, grant, sale or gift made in contemplation of the death of the grantor, vendor or bargainor, or intended to take effect in possession or enjoyment after such death, to any person or persons or to any body politic or corporate in trust or otherwise, or by reason whereof any person or body politic or corporate shall become beneficially entitled in possession or expectancy to any property or the income thereof, shall be * * * subject to a tax * * *."

The court, jury being waived and the facts agreed upon, gave judgment for the defendant, the plaintiff excepting on the ground that it was contrary to law.

The plaintiff protested against the tax on the grounds that the transfer is not subject to it, that the act is unconstitutional in taking property without due process of law, denying equal protection of the laws, constituting double taxation, and is void for uncertainty.

The plaintiff contends that the gift was made inter vivos and took effect as such at the date of the assignment and therefore was not a transfer within the purview of the statute which, although it includes gifts which do not take effect in enjoyment or possession until after the death of the donor, nevertheless, as the plaintiff claims, is confined to property of which the decedent died seized and possessed, whether it passes by will or un-

der the law of descents and distribution of property of persons dying intestate or by deed, grant, sale or gift. In this view the statute provides, as the plaintiff claims, that "all property which shall pass from any person who may die seized or possessed of the same or which shall be transferred by deed or gift made by one so seized or possessed in contemplation of the death of the grantor or intended to take effect in possession or enjoyment after death, shall be subject to a tax," etc. The further contention is "If this court should hold that Dreier did not have to die possessed of this property in order to subject its transfer to a tax, then we contend that the whole act is unconstitutional, and in any event that that portion of the act taxing a present transfer by deed intended to take effect in possession or enjoyment after death is unconstitutional and void for the reasons mentioned in Brown's letter of protest at the time of paying the tax." The only grounds, however, on which unconstitutionality of the act was argued are that it is "unequal and unjust in its operation" and "constitutes double taxation" since "the beneficiary is taxed on account of the trust property in his hands, not only under the property tax, but also under the income tax, and the beneficiaries are also taxed under the income tax for the income which they enjoy therefrom."

The act is not open to construction and does not by any way of looking at it, without ignoring its clearly expressed provisions, require that only such property be taxed as passes by will or descent or by transfer from one dying seized or possessed of it. The transfer made by the owner in this case, which secured to him the enjoyment of the property until his death, is strictly within the plain meaning of the act. It cannot be said that one who has the income of property does not enjoy it, although in order to dispose of it he would have to revoke its transfer and repossess himself of the muniments of title, as the stock certificates may be termed.

Coming then to the question of constitutionality. Is this a

tax on property or on the right to take it upon the owner's death, for if a property tax in the ordinary acceptation of the term it may be open to grave constitutional objection. The tax is not levied until the owner's death, for by Sec. 5 "All taxes imposed by this act, unless otherwise herein provided for, shall be due and payable at the death of the decedent," and are to be paid by executors, administrators or trustees who are required by Sec. 7 to deduct the tax from the legacy or property for distribution, which is subject to the tax, collecting the tax upon the market value of the property. As the right to take by will or descent is derived solely from the statute a tax upon the exercise of that right is not considered to be the equivalent of taxing the property itself and therefore it may differentiate or classify according to nearness or absence of relationship of the beneficiary without involving constitutional objections to its failure to give uniform protection of law or that it takes property without due process of law. The plaintiff fully concedes this position but, as we understand his argument, claims that the right to transfer property inter vivos by deed, grant, sale or gift for any lawful purpose or consideration is a natural right which cannot be subjected to taxation on the theory of regulating the exercise of a statutory right and, under the constitutional provisions above referred to, cannot discriminate one person or class from another.

The act treats transfers of property, when so made that the beneficial rights to be derived from it remain with the transferrer during his lifetime, and that the transferree or others for whom he holds the property do not have the use or disposal of it until after the death of the transferrer, as the same in legal effect as they are identical in substance with testamentary acts. If the devolution of property by will is taxable when made directly and expressed in the usual terminology of last wills and testaments the same is true of dispositions of property which are made for the purpose of accomplishing the same object, namely, for testamentary purposes.

The act then does not appear to conflict with constitutional provisions. The only case cited by the plaintiff to sustain his contention is *State* v. *Ferris,* 53 O. St. 314, 340, holding that the Ohio inheritance tax law was "clearly one for taxation and not for regulation as shown by its provisions and title." This conclusion appears to conflict with the United States supreme court cases relating to the federal inheritance tax law of 1898, Secs. 29, 30, Ch. 446, 30 Stat. 448, imposing an inheritance tax payable by administrators, executors and trustees "upon legacies or distributive shares arising from personal property passing from any person possessed of such property either by will or by the intestate laws of any state or territory or any personal property or interest therein transferred by deed, grant, bargain, sale or gift made or intended to take effect in posses-sion or enjoyment after the death of the grantor or bargainor." In *Eidman* v. *Martinez,* 184 U. S. 578, 589, it was held that this was not a tax on property but upon the succession and the same ruling was made in *United States* v. *Perkins,* 163 U. S. 625, 629, and *Knowlton* v. *Moore,* 178 U. S. 41, 59. In *Mager* v. *Grima,* 8 How. 490, 493, referring to a Louisiana inheritance tax, the court said: "The law in question is nothing more than an exercise of the power which every State and sovereignty possesses, of regulating the manner and terms within which property, real and personal, within its dominion may be trans-ferred by last will and testament, or by inheritance; and of prescribing who shall and who shall not be capable of taking it. * * * If a State may deny the privilege altogether, it fol-lows that when it grants it, it may annex to the grant any condi-tions which it supposes to be required by its interests or policy." *Magoun* v. *Ill. Trust & Savings Bank,* 170 U. S. 283, held that the Illinois inheritance tax law does not conflict in any way with the provisions of the constitution by reason of discrimina-tion in its exemptions from taxation or of its classification or lack of uniformity or equal protection. *Knowlton* v. *Moore,*

supra, declares that "the tax on the transmission or receipt of property occasioned by death is imposed on the exclusive power of the State to regulate the devolution of property upon death. The thing forming the universal subject of taxation upon which inheritance and legacy taxes rest is the transmission or receipt, and not the right existing to regulate." (p. 59.)

There is no double taxation here, the statute reading:

"Provided, further, that in assessing the income of any person or corporation there shall not be included the amount received from any corporation as dividends upon the stock of such corporation if the tax of two per cent. has been assessed upon the net profits of such corporation as required by this chapter, nor any bequests or inheritance otherwise taxed as such." Act 87 S. L. 1905, Sec. 4.

If one wishes to retain the benefit or use of his property while placing its custody with another under directions for its disposition upon his death, reserving the right to change the disposition so that if none is made the settlement takes the place of a will, the tax follows precisely as in case of a will.

Exceptions overruled.

*A. A. Wilder* (*Thompson, Clemons & Wilder* on the brief) for plaintiff.

*E. W. Sutton, Deputy Attorney General* (*C. R. Hemenway, Attorney General,* with him on the brief), for defendant.