(55 South. 340.)

No. 18,290.

RANDOLPH v. KRAFT et al.

(May 8, 1911.)

(Syllabus by the Court.)

1. EXECUTORS AND ADMINISTRATORS (§ 12*)— OPENING SUCCESSION—JURISDICTION.

Where A. died at her domicile in the state of Mississippi, leaving real estate both in the

[1]Ante p. 738.

parish of Orleans and the parish of Jefferson, and her more valuable property was situated in the parish of Orleans, held, that the court for the parish of Jefferson is without jurisdiction over the succession. Code Prac. art. 929, and Civ. Code, art. 935, construed.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 24; Dec. Dig. § 12.*]

(Additional Syllabus by Editorial Staff.)

2. EXECUTORS AND ADMINISTRATORS (§ 12*)— "EFFECTS"—"BIENS."

The word "effects," as used in article 935, Civ. Code, relating to the place of opening of successions, was a translation of the word "biens," used in the French text of article 929, Civ. Code 1825; both meaning property in its general sense.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 12.*

For other definitions, see Words and Phrases, vol. 1, p. 773; vol. 2, pp. 2320–2323.]

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; Prentice E. Edrington, Judge.

Action by George W. Randolph against Charles V. Kraft and others. Judgment for defendants, and plaintiff appeals. Reversed.

Denegre & Blair and Robert J. Perkins, for appellant. Frederick A. Middleton, for appellee C. V. Kraft. Sompayrac & Westerfield, for appellees Wood Heirs.

LAND, J. This suit was dismissed below on an exception of no cause of action, and the case as presented by the petition and exhibits may be briefly stated as follows:

Miss Honora Alice Wood died at her residence in Waveland, Miss., on November 2, 1909, leaving a last will by which George W. Randolph was instituted as sole heir and universal legatee and nominated as executor. The will was duly probated in Mississippi. The executor so named declining to act, Joseph F. Cazeneuve was duly appointed and qualified as administrator with the will annexed.

The testatrix died possessed of real and personal property in the parish of Orleans, and real property in the parish of Jefferson; her principal property and the more valu-

able part thereof being situated in the former parish.

Prior to her death, the decedent had appointed the defendant C. V. Kraft as her agent to administer her said real estate in the state of Louisiana, and said property was in his possession and under his control at the time of her decease.

In November, 1909, the said administrator came to New Orleans and collected a deposit of $7,000 to the credit of the decedent in a certain savings bank in the city of New Orleans, less the inheritance tax due thereon, which was fixed by a proceeding in the civil district court for the parish of Orleans. Later the said administrator returned and paid the taxes on the property of the estate situated in the parishes of Orleans and Jefferson, and renewed the policies of insurance on the property.

The decedent owed no debts, and her property in the state of Louisiana was in charge of her agent, C. V. Kraft, and the funds in his hands were sufficient to enable him to properly care for said property and to protect the same until relieved from his trust.

The said agent knew that the decedent had left a will, which had been duly probated in the state of Mississippi, and that he was not a creditor of the deceased in any sum, but was a fiduciary debtor of the estate. The said agent also knew that the principal property and effects of the decedent were not situated in the parish of Jefferson, but in the parish of Orleans.

The said agent on December 29, 1909, applied to the district court for the parish of Jefferson to be appointed curator of the estate of the deceased, on the ground that he was a creditor of the decedent to the amount of $400, that he knew no heirs, and that she had died intestate to the best of his knowledge and belief, and that an administration was necessary. The petitioner prayed for notice by publication of his application and for an inventory of the property in the parish of Jefferson. An inventory was ordered and made showing real estate in said parish of the value of $15,400. Later the applicant caused an inventory to be made of the property of the estate in the parish of Orleans, showing real estate valued at $24,171, and a debt due by C. V. Kraft, amounting to $771.

This application was unknown to the administrator and the plaintiff herein, and the said Kraft concealed from them the steps he was taking to open the estate of the decedent in the parish of Jefferson.

The said Kraft was appointed curator of the estate, and letters were issued to him as such.

On February 14, 1910, the attorney for absent heirs wrote a letter of inquiry to Mr. Cazeneuve, and was promptly informed by him that Miss Wood had left a will, which had been duly probated in Mississippi, and that he had been duly appointed administrator of the estate, and that the said will would, in a short time, be probated and made executory in the state of Louisiana. The writer also stated the provisions of the will, the absence of debts, and his surprise to hear that strangers had opened the estate. The contents of said letter were communicated to the said Kraft shortly after the receipt of the letter by the attorney for absent heirs.

On March 29, 1910, the succession of H. A. Wood was formally opened in the civil district court for the parish of Orleans, and her last will was ordered to be registered and executed. On the same day the court rendered judgment recognizing George W. Randolph as the sole heir and universal legatee of Honora Alice Wood, and placing him in possession as owner of all her succession, property, and rights.

On the 31st day of March, 1910, Denis J. Wood, Vincent P. Wood, and Charles F. Wood, of Texas, by counsel, filed their petition in the district court for the parish of Jefferson, praying to be recognized as the

lawful heirs of Honora Alice Wood to the extent of one-ninth each and to be sent into possession of her succession. Judgment was rendered, on the same day, in their favor as prayed for, and the curator was ordered to render an account.

The judgment recognizing Denis J. Wood et al. as heirs was obtained after knowledge of the existence of said last will and of its probate in Mississippi and in the parish of Orleans had been brought home to the parties and the curator by registry in the parish of Jefferson and by other means of information.

This suit was instituted for the purpose of annulling all the mortuary proceedings in the district court for the parish of Jefferson on the double ground of want of jurisdiction in that tribunal and illegalities in the proceedings.

The first question in logical order is that of jurisdiction vel non, and the solution of this question depends on the proper construction of article 935 of the Civil Code and article 929 of the Code of Practice fixing the place of the opening of successions. A succession is opened on the natural death of a party at the place fixed by law. Forstall v. Forstall, 4 La. 214. The court of no other place has any jurisdiction over the succession. Groves v. Comfort, 26 La. Ann. 269, 270.

Article 935 of the Civil Code reads as follows:

"The place of the opening of successions is fixed as follows: In the parish where the deceased resided, if he had a fixed domicile or residence in this state.
"In the parish where the deceased owned immovable property, if he had neither domicile nor residence in this state, or in the parish in which it appears by the inventory, his principal effects are, if he have effects in different parishes. In the parish in which the deceased has died, if he had no fixed residence, nor any immovable effects in this state, at the time of his death."

Article 929 of the Code of Practice reads as follows:

"The place in which a succession is opened is, and in future shall be held to be, as follows, notwithstanding any former law to the contrary:
"In the parish where the deceased resided, if he had a domicile or fixed place of residence in this state.
"In the parish where he left landed property, if he had neither domicile nor place of residence in the state; or in the parish in which it appears from the inventory that his principal property was situated, if he had property in several parishes.
"In the parish where he died, if he had no certain domicile or fixed property."

A comparison of the two articles will show the following verbal substitutions:

[2] "Landed" for "immovable"; "principal property" for "principal effects"; "fixed property" for "immovable effects." The word "effects," as used in the present Civil Code, was a translation of the word "biens," used in the French text of article 929 of the Civil Code of 1825. Both words mean property in its general sense. It is apparent that the lawmaker, in the enactment of article 929 of the Code of Practice, intentionally avoided the use of the general words "immovable" and "effects," and substituted therefor specific words clearly indicating real estate. The legislative intent was that the situs of the "landed" or "fixed property" of the nonresident should determine the place of the opening of the succession, even in case he died in this state. The ownership of real estate is a simple, certain test of jurisdiction. Where the deceased owned real estate in several parishes, the succession is opened in the parish in which "his principal property was situated."

Under article 935 of the Civil Code, it might be argued that movables, being covered by the general term "effects," are to be considered where the deceased left property in several parishes. But, under article 929 of the Code of Practice, movables are excluded by necessary implication.

Under both articles the question of the parish in which the "principal property" of the deceased is situated is to be determined

by or from the inventory of the estate. In the case at bar the inventories show that the real estate of the deceased in the parish of Orleans is all improved and of far greater value than the real estate of the deceased in the parish of Jefferson. If movables can be considered, the difference in value would be increased by the sum of $7,000. It is alleged in the petition that the principal property of the deceased is situated in the parish of Orleans, and this allegation is amply supported by the facts set forth in the petition.

The presumption that the succession was properly opened in the parish of Jefferson is clearly rebutted by the facts alleged in the petition.

It is therefore ordered that the judgment below be reversed, and it is now ordered that the exception of no cause of action be overruled, and that this cause be remanded for further proceedings according to law, and that the costs of appeal be paid by the appellees.