## M. P. ROBINSON, P. MUHLENDORF AND JAMES E. JAEGER, TRUSTEES OF THE ESTATE OF S. C. ALLEN, AND LUCY McWAYNE, v. CHARLES J. McCARTHY, TREASURER OF THE TERRITORY OF HAWAII.

RESERVED QUESTION FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. T. B. STUART, JUDGE.

SUBMITTED AUGUST 27, 1915.        DECIDED SEPTEMBER 16, 1915.

WATSON AND QUARLES, JJ., AND CIRCUIT JUDGE ASHFORD IN
PLACE OF ROBERTSON, C.J., DISQUALIFIED.

TAXATION—*inheritance tax.*

By the will of A., who died in 1903, a large residuary estate was
bequeathed and devised to trustees in trust for the use and benefit
of his widow for life, with power in her to name the person or
persons who should succeed to such estate, which power she exer-

cised by will in 1914; the trustees paid to the territorial treasurer, under protest, on his demand, the inheritance tax imposed by Act 147, S. L. 1909, amendatory of Act 102, S. L. 1905, upon the interest of one of the appointees in the said estate, and, with such appointee, commenced an action to recover the same back from the treasurer; the plaintiffs contended that the inheritance tax for which such interest is liable is that imposed by Ch. 106, S. L. 1892, which was repealed in 1905. Held: . The tax was properly collected; that the Act of 1909 applies, it being in force at the time of the transfer under the exercise of the power of appointment, the tax being upon the transfer and not upon the property.

CONSTITUTIONAL LAW—*inheritance tax.*

The statute imposing an inheritance or succession tax upon a transfer under a power of appointment made in contemplation of death, whether the power of appointment was created before or after the enactment of the statute, is valid and constitutional.

OPINION OF THE COURT BY QUARLES, J.

The petitioners commenced this action under the provisions of Act 45, S. L. 1907 (now Sec. 1392 R. L. 1915), to recover back the sum of $9,773.61, inheritance or succession tax paid the defendant as treasurer' of the Territory of Hawaii on the portion of the residuary estate left by S. C. Allen to which the petitioner,' Lucy McWayne, succeeded by the terms of the last will and testament of Bathsheba M. Allen, wherein she exercised the power of appointment given her under and by virtue of the last will and testament of S. C. Allen, deceased. With other facts the complaint alleges the following: S. C. Allen died May 13, 1903, testate, leaving an estate, the residue of which, after paying all debts, funeral expenses and special legacies, was of the value of $2,412,176.26, which he devised and bequeathed to his executrix and executors, also called trustees in his said will, viz.: Bathsheba M. Allen, M. P. Robinson, J. O. Carter and P. Muhlendorf, in trust for the benefit of his said widow, Bathsheba M. Allen, during her life, with power in her to appoint by last will and testament, or codicil thereto, the person or persons who should succeed to such residuary estate after her death; that J. O. Carter, named as an executor

and trustee, had deceased, and the petitioner, James E. Jaeger, had been duly appointed a trustee under the will of S. C. Allen to succeed the said J. O. Carter, deceased; that under the said power of appointment contained in the will of said S. C. Allen his said widow, Bathsheba M. Allen, by her last will and testament, which, since her death, was duly admitted to probate in the first judicial circuit of the Territory of Hawaii on the 24th day of March, 1914, provided in the 49th article of her said will, set forth in the complaint, as follows:

"FORTY-NINTH: And whereas by the last Will and Testament of my late husband, Samuel Clesson Allen, aforesaid, dated the 5th day of September, A. D. 1900, which said Will upon the decease of my said husband was duly admitted to probate in the Circuit Court of the First Judicial Circuit, Territory of Hawaii, on the 6th day of July A. D. 1903, my said husband after making certain specific devises and bequests, devised and bequeathed all the rest, residue and remainder of his property of every description, nature and kind, real, personal and mixed, to me, the said Bathsheba M. Allen, and to Mark P. Robinson, Joseph O. Carter and Paul Muhlendorf, and to my and their successors in trust, upon trust that I, the said Bathsheba M. Allen, should have the use, benefit, enjoyment and income of said residuary estate for and during the term of my natural life, and also provided that upon my death the trustees aforesaid under the Will of my late husband aforesaid should hold the trust estate created thereunder provided I survived him, upon trust for such person or persons in such shares or proportion and otherwise in all respects as I, the said Bathsheba M. Allen should by my last Will and Testament or any Codicil thereto, appoint, and in default of such appointment and so far as any such appointment should not extend or if I, the said Bathsheba M. Allen, should not survive him, upon certain trusts in said Will more specifically set forth;

"And whereas by the death of my said husband and the probate of his said Will and by reason of having survived him, I now have the authority to exercise the power of appointment, conferred upon me under the Will of my husband as aforesaid, and desiring so to do;

"Now, THEREFORE, in the exercise of the powers and author-

ity granted to me by my said husband under his said Will here-inabove recited and by virtue of every other power me hereunto enabling, I hereby appoint that upon my decease the trustees for the time being under the Will of my said husband shall hold the entire trust estate created under the Will of my said husband and then remaining, upon trust that my brother, Mark P. Robinson, and my sisters, Mary E. Foster, Victoria Ward, Matilda Foster, A. (Watty) Jaeger and Lucy McWayne shall have the use, benefit, enjoyment and income thereof for and during the terms of their natural lives, and the survivors and survivor of them for his, her or their natural life or lives (equally while more than one) ; provided, however, that if my brother or any of my sisters shall die at any time leaving a child or children surviving him or her, then and in every such case until the death of the last survivor of my brother and sisters such child and children (in equal shares while there shall be more than one) shall have the use, benefit, enjoyment, and income of and from the said trust estate created under the Will of my late husband, which the parent of such child or children would take if living, and on the death of the last survivor of my said brother and sisters, I appoint that all the trust estate created under the Will of my late husband, of every description, nature and kind, then remaining, and wheresoever situate, and free and clear of the terms and provisions of the trust hereby created, and of the trust created under the Will of my late husband shall vest absolutely without conveyance or other act or writing from or by the Trustees in all of the children then living of the said Mark P. Robinson, Mary E. Foster, Victoria Ward, Matilda Foster, A. (Watty) Jaeger and Lucy McWayne, said children taking per stirpes, the children if more than one of my brother or any sister taking in equal shares among themselves, and the children then living of any child then deceased of my brother or sisters taking per stirpes by right of representation, so that the children of my brother and sisters who shall be objects of this trust shall take in equal shares per stirpes and not per capita and the children (being objects of this trust) of any child of my brother or sisters having died in the lifetime of my brother or sisters or the survivor of them shall take equally between them the share which the parent would have taken had he or she survived the last survivor of my brothers and sisters aforesaid.

"It being my will that all of the property of my late husband

which under his said Will is subject to my power of appointment shall go to and vest in the same person and persons and otherwise be disposed of precisely as I have disposed of the trust estate created by me in this Will and covering the residue of my own private property."

The complaint also alleges that it is the defendant's contention that the said residuary estate left by S. C. Allen to his wife, Bathsheba M. Allen, for life, with power of appointment as aforesaid, coalesced with the estate of said Bathsheba M. Allen upon her exercise of said power of appointment and was subject to the inheritance or succession tax provided for by Act 102, S. L. 1905 (Sec. 1323 R. L. 1915), upon the death of Bathsheba M. Allen and the succession of those appointed by her; that the plaintiffs contend that the two said estates did not coalesce upon the death of said Bathsheba M. Allen by reason of her exercising said power of appointment, and that the residuary estate of said S. C. Allen, aforesaid, did not become liable to inheritance tax under said statute, but that the same, real and personal, was liable to inheritance tax under the provisions of Ch. 106, S. L. 1892, as amended by Ch. 21, S. L. 1896, as of the date of the death of S. C. Allen, after deducting therefrom the value of the life interest of said Bathsheba M. Allen, which plaintiffs allege to have been $1,250,733.89, and that the inheritance tax upon the said residuary estate of S. C. Allen should now be upon the difference between the total amount of said residuary estate and the alleged value of the life interest of Bathsheba M. Allen, viz., the sum of $1,161,422.37. The plaintiffs admit in their said complaint liability for inheritance tax in respect of the life interest of the plaintiff, Lucy McWayne, in the residuary estate of S. C. Allen, after deducting therefrom the value of the life interest of said Bathsheba M. Allen, in the sum of $4640.92.

To the complaint of the plaintiffs the defendant has filed his demurrer objecting to said complaint on the ground that it does not set forth facts sufficient to constitute a cause of action in that it shows upon its face that said Bathsheba M. Allen exer-

cised the said power of appointment contained in the will of S. C. Allen, and that such appointment having been exercised subsequent to April 28, 1909, the exercise of the said power of appointment by said Bathsheba M. Allen is subject to the inheritance tax under the provisions of Act 147, S. L. 1909 (now included in Ch. 96 R. L. 1915.)

The circuit judge, being in doubt as to the questions of law raised by the demurrer, has reserved to this court the question as to whether the said demurrer should be sustained on the grounds submitted.

The cause has been ably briefed upon both sides, the briefs showing much labor and research. We have concluded that the question before us resolves itself into the simple question as to whether or not the Act of 1909 (now incorporated into Ch. 96 R. L. 1915) applies, wherein it is provided that an inheritance tax shall be imposed upon "all property which shall pass by will or by the intestate laws of this Territory, from any person who may die seized or possessed of the same * * * or which, or any interest in or income from which shall be transferred by deed, grant, sale or gift, made in contemplation of the death of the grantor, vendor, or bargainor, or intended to take effect in possession or enjoyment after such death, to any person or persons * * * in trust or otherwise * * *. Whenever any person or corporation shall exercise the power of appointment derived from any disposition of property made either before or after April 28, 1909, such appointment when made, shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will * * *." We have concluded that this statute applies to the case before us, is decisive of it, and, therefore, that the demurrer of the defendant to the complaint of the plaintiffs should be sustained.

By the terms of the statute the tax is upon the transfer by Mrs. Allen under the power of appointment, and to be imposed

under the terms of the statute where the transfer under the appointment is made after the enactment of the statute, whether the power of appointment was created before or after the enactment of the statute. The power of appointment in Mrs. Allen was created by the will of her husband prior to the enactment of the statute under consideration, but the power was exercised after the enactment of the statute. The interest to which the plaintiff, Mrs. McWayne, succeeded did not vest in her until the death of Mrs. Allen, when the transfer upon which the tax was imposed took place, and depended upon the will of Mrs. Allen who might have appointed some one else to take the particular interest to which Mrs. McWayne did succeed by reason of having been appointed thereto. The tax collected by the defendant as treasurer upon the interest to which Mrs. McWayne succeeded was properly collected under the statute. It was a tax upon the transfer and not upon the property involved (*Brown* v. *Treasurer*, 20 Haw. 41); it was upon the transfer under an exercise of the appointment and not by virtue of the creation of the power of appointment; hence, so far as this case is concerned, it is not a question of retroactive law. The Act of 1909 (Sec. 1323 R. L. 1915) applies to this particular case, and not Act 106, S. L. 1892, which was repealed in 1905.

The statute here involved has been held valid and not unconstitutional (*Brown* v. *Treasurer*, supra), and similar statutes have been held to be valid and constitutional. The conclusion that we have reached is supported, among other authorities, by the following: *Estate of Dows*, 167 N. Y. 227; *Orr* v. *Gilman*, 183 U. S. 278; *Matter of Delano*, 176 N. Y. 486; *Chanler* v. *Kelsey*, 205 U. S. 466; *Minot* v. *Treasurer and Receiver General*, 207 Mass. 588; *Attorney General* v. *Stone*, 209 Mass. 186.

The question reserved is answered in the affirmative.

*Holmes, Stanley & Olson* for plaintiffs.

*I. M. Stainback, Attorney General,* for defendant.