Syllabus.

# IN THE MATTER OF THE ESTATE OF CECIL BROWN, DECEASED.

## No. 1107.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. C. W. ASHFORD, JUDGE.

ARGUED JULY 26, 1918.        DECIDED AUGUST 30, 1918.

COKE, C.J., QUARLES, J., AND CIRCUIT JUDGE EDINGS
IN PLACE OF KEMP, J., ABSENT.

WILLS—*residuary legatee—annuity—charge.*

> Where a will devises to respondent all of testator's estate except two small legacies and directs that respondent pay to petitioner one hundred dollars monthly during her lifetime and makes the same a charge upon the estate, the transfer is to respondent who takes subject to the charge which is a lien on the estate.

TAXATION—*inheritance tax—transfer.*

> The inheritance tax under the statute is upon the transfer of property in contemplation of_ death, so that when property is devised to one with a charge that he pay another a monthly sum, the inheritance tax is chargeable against the devisee and not to the annuitant.

OPINION OF THE COURT BY QUARLES, J.

The will of the late Cecil Brown devised one tract of land to his daughter Mary K. Brown, and bequeathed to Mabel S. Campbell his silverware, following which is the residuary clause, to wit:

"All the rest, residue and remainder of my estate, real personal or mixed, and wheresoever situate, I give, devise and bequeath unto my said nephew, Heinrich Martens von Holt, and to his heirs; the only charge on it being that if at any time after my death the estate is in funds and can pay the sum of Two Hundred and Fifty Dollars a month so long as my stepdaughter Irene K.

Dickson is living, and my reputed daughter Mary K. Brown is living, that One Hundred and Fifty Dollars of said sum of Two Hundred and Fifty Dollars be paid said Irene K. Dickson each month for and during the term of her natural life, and to my reputed daughter Mary K. Brown during the term of her natural life the remainder, being the sum of One Hundred Dollars."

The respondent von Holt, as executor, and who is the residuary legatee, obtained from the Registrar of Public Accounts a valuation of the annuity of the petitioner (formerly Mary K. Brown) based upon mortality tables, the valuation being designated at $18,078.11, upon which it is claimed that an inheritance tax of $903.90 is payable to the Territory. The respondent claiming that such inheritance tax is payable by the petitioner out of the annuity payable to her, withheld the amount thereof as security for payment of the tax out of the annuity. The petitioner filed her petition asking that respondent be ordered to pay to her the full amount of the annuity payable to her without deduction, and upon hearing before the circuit judge sitting at chambers in probate the prayer of the petition was granted, and respondent has appealed from said order to this court. The question before us is as to the correctness of the order appealed from, which raises the question as to whether the inheritance tax is payable by the executor or residuary legatee upon the whole estate devised him, or whether the valuation of the annuity as made should be deducted from the corpus of the estate and the inheritance tax thereon charged to the petitioner. If chargeable to petitioner, the respondent had a right under the statute to withhold it, as he did, and if not chargeable to the petitioner the order appealed from should be affirmed.

It should be borne in mind that the residuary clause transferred the estate, with the exception of the two small

legacies mentioned, to the respondent, and by express provision makes the payment to the petitioner of the sum of one hundred dollars monthly a charge upon the estate so transferred to the respondent. Under our tax statutes, inheritance taxes are upon transfers in contemplation of death, and not upon the property transferred (*Brown* v. *Treasurer*, 20 Haw. 41; *Robinson* v. *Treasurer*, 22 Haw. 742, 748). The transfer of the property out of which the monthly payments to the petitioner are to be made is to the respondent, and not to the petitioner. A charge of this kind only creates a lien and does not transfer the estate or create an interest therein, the title to which passes to the devisee, and not to the party to whom the charge is payable. The will devolves upon respondent the duty of paying to petitioner the monthly payment of one hundred dollars, and it is apparent from the language used by the testator that he intended that such payments should be made without deduction for any cause whatever. Should petitioner die the payments would stop. Suppose she should die within one or two years the difference between the monthly payments made to her and the said valuation of $18,078.11 would remain in the hands of respondent to whom all of the residuary estate of testator passed under the will. The position of petitioner is analogous to that of a creditor where the will devises the estate to one with the charge that he shall pay the debt. Nothing would be transferred to the creditor by the will, yet it would create a lien upon the estate in his favor for the payment of his debt, and he would not be chargeable with the inheritance tax. No title or interest was transferred to the petitioner by the will; she was given a lien thereon for certain monthly payments of indeterminate value, notwithstanding the probable value thereof as shown by mortality tables. See *Potter* v. *Gardner*, 12 Wheat. 498; *Rohn* v. *Odenwelder*, 162 Pa. St. 346; 4 Kent's Com. 540. In

*Thayer* v. *Finnegan,* 134 Mass. 62, the testatrix appointed her eldest son executor and gave him all her property, he to pay her debts and the expenses of schooling her younger son.    The court held that such debts and expenses of schooling were charges upon the estate transferred to the eldest son.    Nothing was transferred to either the creditors or younger son, but the payments of their debts in the one instance, and expenses of schooling the younger son in the other, were charges that created liens upon the estate.    That case is analogous to the case at bar.    The inheritance tax is payable upon the transfer of the residuary estate to respondent and not out of the monthly payments to be made to the petitioner.    Many authorities have been cited to sustain the contention of respondent, but authorities, unless it appears that the cases decided were under similar statutory and testamentary provisions, are of no assistance here.

The order appealed from is affirmed.

*L. Andrews* (*Andrews & Pittman* on the brief) for the petitioner.

*R. B. Anderson* (*Frear, Prosser, Anderson & Marx* on the brief) for the respondent-executor.