## CASTLE v. CASTLE et al. *

(Circuit Court of Appeals, Ninth Circuit. August 2, 1920. Rehearing Denied October 18, 1920.)

No. 3443.

Descent and distribution ⟨key⟩52(2)—Widow in Hawaii entitled to share in proceeds of life insurance as "movable effects in possession or reducible to possession at time of death."

Under Rev. St. Hawaii 1915, § 2977, providing that a married woman on the death of her husband shall "be entitled by way of dower to an absolute property in the one-third part of all his movable effects in possession or reducible to possession at the time of his death," a widow *held* entitled to one-third of the proceeds of her husband's life insurance policies.

In Error to the Supreme Court of the Territory of Hawaii.

In the matter of the estate of James Bicknell Castle, deceased. William R. Castle, Lorrin A. Thurston, and Alfred L. Castle, trustees under the will, appealed from an order of distribution of the circuit court, and from a judgment of the Supreme Court of Hawaii, reversing such order, Julia White Castle brings error. Reversed.

Francis M. Hatch, of Honolulu, T. H., for plaintiff in error.

A. G. M. Robertson, Alfred L. Castle, Clarence H. Olson, W. A. Greenwell, and Arthur Withington, all of Honolulu, T. H., for defendants in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Julia White Castle is the widow of James Bicknell Castle, who died in Hawaii in 1918, leaving a will under the terms of which the widow was bequeathed certain real estate and a monthly allowance of not less than $1,500. Among other assets of the estate were the proceeds of insurance policies, which, after deducting certain allowances properly due the companies, aggregated approximately $54,000. The widow elected to take her dower right in the estate, and property to the amount of $181,250 was assigned to her. When the final account of the trustees under the will was presented for approval, the probate court directed that one-third of the total amount of the life insurance policies should be added, as distributive share by way of dower under the statute of Hawaii. The trustees were not satisfied, and appealed to the Supreme Court of the territory, which reversed the order of the probate court, and the widow then brought the matter to this court.

Section 2977, Rev. Stat. Hawaii 1915, provides as follows:

"Every woman shall be endowed of one-third part of all the lands owned by her husband at any time during marriage, in fee simple, in freehold, or for the term of fifty years or more, so long as twenty-five years of the term remain unexpired, but in no less estate, unless she is lawfully barred thereof; she shall also be entitled, by way of dower, to an absolute property in the one-third part of all his movable effects, in possession, or reducible to possession, at the time of his death, after the payment of all his just debts."

As originally enacted the statute read as follows:

"The wife shall, in virtue of her marriage, be entitled in law to receive upon the death of her husband, by way of dower, a life estate in one-third part of all immovable and fixed property owned by him at the time of her intermarriage, or acquired by him during her marriage; and an absolute property in the one-third part of all his movable effects in possession or reducible to possession at the time of his death, after the payment of all his just debts." Laws Kamehameha III (1846) p. 59, § 4.

The Supreme Court of the territory held that the statute did not give to the widow by way of dower an interest in all the personal property of her deceased husband; that the right to the money due upon the insurance policies did not come into existence until after the death of the insured; that the only thing which the insured could grant was an interest in the insurance contract; and that, as the proceeds of the policies of insurance upon the life of Castle were payable to his executors, administrators, or assigns, and collected by them after his death, such proceeds were not movable effects in possession or reducible to possession at the time of his death, and therefore the widow possessed no dower right therein. In Matter of Estate of James B. Castle, 25. Haw. 38. But we have reached a different conclusion. It is our opinion that "at the time of the death of the husband" means at the time that he has died. The wife becomes a widow the instant that the husband is dead, and at that instant her right becomes consummate. Randall v. Kreiger, 90 U. S. (23 Wall.) 137, 23 L. Ed. 124. The policies of insurance became payable the instant that death occurred. Therefore the sums provided to be paid to the beneficiaries then become "reducible to possession." Gould v. Emmerson, 99 Mass. 154, 96 Am. Dec. 720. The original statute was not less liberal than the present one.

In an anonymous case reported in 1 P. Wms, 268, 24 Eng. Rep., in 1714, the question was, on a devise of all goods, whether a debt by bond passed to the devisee. Lord Chancellor Cowper decreed that it did, that the words seemed at common law to pass a bond, and to extend to all the personal estate but that the will should be construed according to the rules of the civil law, where bona mobilia and bona immobilia are made the membræ differentia of all estates.

"Bona immobilia are lands; bona mobilia are all movables, which must extend to bonds, and therefore, by the devise of all the testator's goods, the bond must pass."

Blackstone wrote that things personal include all sorts of things "movable," which may attend a man's person wherever he goes, and which were not regarded as of so high a nature as things that were in their nature more permanent and immovable, as lands and houses and the profits issuing thereout. He also wrote of the different ideas which were conceived of the subject, and how the courts subsequently came to regard the personalty of a man in a light nearly, if not quite, equal to his realty, and how things personal, not only included things "movable," but also something more; the whole being comprehended under the general name of chattels. He defined chattels personal as, properly and strictly speaking, "things movable." "Such are animals, household stuff, money, jewels, and everything else that can properly be put in mo-

tion and transferred from place to place." He treated choses in action as including all property in action which depends entirely on contracts, express or implied. In N. Y. M. L. Ins. Co. v. Armstrong, 117 U. S. 591, 6 Sup. Ct. 877, 29 L. Ed. 997, it was held that a policy of life insurance, without restrictive words, is assignable by the assured equally with any other chose in action.

In Randolph v. Kraft, 128 La. 743, 55 South. 340, the court was construing article 935 of the Civil Code of Louisiana and article 929 of the Code of Practice of that state in connection with jurisdiction of the place of the opening of successions. Comparison of the two articles showed that in one the word "landed" was substituted for the word "immovable," and the words "principal property" were substituted for "principal effects," and "fixed property" substituted for "immovable effects." The court said:

"The word 'effects,' as used in the present Civil Code, was a translation of the word 'biens,' used in the French text of article 929 of the Civil Code of 1825. * * * Both words mean property in its general sense. It is apparent that the lawmaker, in the enactment of article 929 of the Code of Practice, intentionally avoided the use of the general words 'immovable' and 'effects,' and substituted therefor specific words clearly indicating real estate."

The decision is pertinent, because the present statute of Hawaii, as quoted, gives to the widow one-third part of all "lands" owned by her husband, and also, by way of dower, an absolute property in one-third part of "all his movable effects in possession or reducible to possession," etc.; whereas the original statute of 1846 gave to the wife, by way of dower, a life estate in one-third part of "all immovable and fixed property" owned by him at the time of her intermarriage or acquired by him during marriage, and an absolute property in one-third part of "all his movable effects in possession, or reducible to possession, at the time of his death." In the Hawaiian, as in the Louisiana, statute, the substitution of the word "lands" for "immovable and fixed property" was a specific indication of real estate, while movable effects in possession or reducible to possession means all property not real estate.

In Burdett v. Burdett, 26 Okl. 416, 109 Pac. 922, 35 L. R. A. (N. S.) 964, certain life insurance policies were payable to the executors, administrators, or assigns of the deceased. Under the statute of Oklahoma the widow was entitled as part of her dower, absolutely in her own right, to one-third part of the personal estate, including cash, bonds, and evidences of debt, whereof her husband died seized or possessed. The court held that the deceased, having insured his life, naming himself, his executors, administrators, or assigns, the beneficiary of the policy, had a sole beneficial or assignable interest therein, and that, the policies being choses in action, he could at any time before his death have parted with such interest, as with his interest in other choses in action; that the title to the policies and the money to become due was, from the date of their delivery to the deceased as beneficiary, vested in him, and so remained up to the time of his death; that he was the owner of the policies, and had the title to the personalty, when he died; and that it was too great a refinement to say that the proceeds of the

policies, because payable to the executors, administrators, or assigns, or the estate of the deceased, were personalty, of which he was not the owner, and of which he did not die seized or possessed.

It will be conceded that the federal courts lean toward the interpretation of a local statute adopted by the local courts; but a question of dower is very broad, and clearly of a more general nature than are matters confined merely to local usages. Trustees of Ena Estate v. Ena, 18 Haw. 588, is not a decision against the views we have expressed. The question there involved related to what debts should be paid before allowances to the widow could be made.

The Estate of Alexandre, 19 Haw. 551, arose out of a mutual agreement by members of a society wherein a member was entitled under the by-laws of the society to designate by will the person to whom certain moneys, collected by the society from its members, should be paid by the society; the by-laws providing that for all legal purposes the donation should not be regarded as assets of the estate of the deceased. The decedent there directed the donation to be paid to his executor for the benefit of his estate, and the court held that the widow had no statutory dower in the fund, although it was a part of the estate of the decedent. The donation was made with a condition embodied in the by-laws, and the direction in the will excluded the widow and was treated as effective.

Our conclusion being that proper construction of the statute sustains the right of the widow to dower interest in the proceeds of the policies, it follows that the judgment of the Supreme Court against Julia White Castle was erroneous, and must be reversed, and the original order of the Circuit Court of the First Circuit, Territory of Hawaii, filed on the 5th day of April, 1919, is affirmed, and the cause is remanded to the Circuit Court with such directions.

Reversed and remanded.