## CASTLE et al. v. CASTLE et al.

(Circuit Court of Appeals, Ninth Circuit. June 5, 1922. Rehearing Denied August 7, 1922.)

### No. 3833.

1. **Courts ⬅406(1)—United States Circuit Court of Appeals, on error to Supreme Court of Hawaii, involving construction of territorial statute, will lean toward interpretation adopted by such court.**

On error to review the judgment of the Supreme Court of the territory of Hawaii, involving the construction of a statute of such territory, the Circuit Court of Appeals may review the ruling of the Supreme Court of the territory in the same manner as it would review the decision of a state Supreme Court under similar circumstances, but will naturally lean toward the interpretation adopted by the territorial court, and will not disturb such court's decision, unless there is clear error.

2. **Taxation ⬅876(3)—Property devised to trustees, with discretion to devote income either to "educational purposes" or in promotion of new enterprises, held not exempt from inheritance tax.**

Where testator devised his property to trustees, with authority to devote the income to educational purposes at such times as in the judgment of the trustees the estate would be amply able to carry on without closing its commercial character, and after fulfillment of other requirements specified in the will, subject to the discretion of the trustees, to devote the property and its income to any public enterprise whatever of which they might approve, the property was not exempt from inheritance tax as property transferred for "educational purposes," within Rev. Laws Hawaii 1915, § 1324.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Educational Purposes.]

3. **Taxation ⬅856—Act of transferring property and not the property itself subjected to inheritance tax.**

Under Rev. Laws Hawaii 1915, as amended by Acts 1917, No. 223, providing for an inheritance tax, it is the act of passing property by will which is taxed, and not the property itself.

4. **Taxation ⬅889—Inheritance tax on annuity to son, to be paid by trustees, held payable by the trustees, and not by the son.**

Where testator devised property to trustees, and directed them to pay annuity to his wife, and after the wife's death to his son, if the state permitted payment thereof, in the discretion of the trustees, inheritance tax provided for by Rev. Laws Hawaii 1915, as amended by Acts 1917, No. 223, on the value of the annuity to the son, are to be paid by the trustees, and not by the son.

In Error to the Supreme Court of the Territory of Hawaii.

Proceeding by the Territory of Hawaii and Harold K. L. Castle for appointment of appraisers to fix the inheritance tax on the estate of James Bicknell Castle, deceased. To review the judgment of the Supreme Court of the territory of Hawaii, William R. Castle, Lorrin A. Thurston, and Alfred L. Castle, trustees under the will of James Bicknell Castle, bring error. Affirmed.

See, also, 267 Fed. 521.

A. G. M. Robertson, Alfred L. Castle, W. A. Greenwell, and Arthur Withington, all of Honolulu, T. H., for plaintiffs in error.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Harry Irwin, Atty. Gen., of Honolulu, T. H., for Territory of Hawaii.

Robbins B. Anderson, of Honolulu, T. H., and E. B. McClanahan and S. H. Derby, both of San Francisco, Cal., for defendant in error Castle.

Before MORROW and HUNT, Circuit Judges, and BEAN, District Judge.

BEAN, District Judge. This is a writ of error to the Supreme Court of the territory of Hawaii, issued on the petition of the trustees of the estate of James Bicknell Castle, deceased, and is concerned with the assessment and payment of an inheritance tax under the laws of the territory. Castle, a resident of the territory, died in April, 1918, leaving a large estate, which (except a small piece of land devised to his wife) he devised and bequeathed to trustees. The will is long and involved, but for present purposes the trustees were directed and empowered, after payment of debts and funeral expenses:

(a) To manage, control, invest, and reinvest the property, and to pay from the income $1,500 a month to the widow, and to subsequently increase this if, in their judgment, the income justified, to a sum not to exceed $40,000 a year.

(b) Upon the death of the widow to pay to the testator's son Harold not "less than $5,000 per annum, unless caused by financial embarrassment or inconvenience (of which the trustees shall be the absolute judges), and not to exceed $40,000, which latter sum shall include the income he may receive from certain other property."

(c) To carry on and develop certain business enterprises in which the testator was engaged, and such other related lines of business as the trustees, or the majority of them, may approve, "in harmony with the ultimate object of my remaining in active business, namely, to accumulate sufficient land and capital to systematically establish an effort to introduce a high-class agricultural immigration of the Northern races," and, after the fulfilment of this and other special objects, "to apply any excess of income, and after the death of my wife and son the whole income (always subject to the decision of the executors to devote same to any business enterprise whatever which they may approve), to accumulate toward any educational purpose to be initiated at such time as their judgment will determine, the estate amply able to carry on without closing its commercial character," namely, a coeducational boarding school devoted primarily to agricultural and domestic science, and—

"I hereby declare that nothing herein contained shall be construed to require my executors and trustees to engage in or carry on any business enterprise herein enumerated, or, if they do carry them on, nothing herein contained shall be construed as limiting their discretion in the ways and means, or the extent to which the same shall be carried on. I wish, and hereby declare that they shall have the widest discretionary powers in continuing or discontinuing said enterprises, or either of them; and in the ways, means and methods of conducting or carrying them on; and of engaging in and conducting any other business enterprise or enterprises, which they, in their discretion, may consider for the best interest of my estate.

"I also more particularly give them discretion to abandon the attempt to introduce and settle emigrants of the Northern races, if, after trial thereof, they, in their sole discretion, shall become convinced that it is impracticable or not successful enough to warrant further expenditure of money.

"I hereby specifically authorize and empower my executors and trustees to buy, lease or otherwise acquire any property, real, personal or mixed, which, in their discretion, they may deem necessary or proper to carry into effect any of the objects or purposes herein set forth. * * *

"And also, the power to invest, change investment and reinvest any moneys at any time belonging to my estate, with sole discretion as to the character of such investments."

The widow waived her rights under the will and elected to take dower, and a certain part of the estate was set off to her. Castle v. Castle (C. C. A.) 267 Fed. 521. This was held to have accelerated the provisions in favor of the son (Castle v. Irwin, 25 Hawaii, 786), and, by agreement between him and the trustees the amount of his annuity was capitalized and paid over to him. While the estate was in course of administration the Attorney General of the territory moved for the appointment of appraisers in order to fix the inheritance tax thereon. The facts were thereupon stipulated, and, among other things, that the value of the estate, for inheritance tax, after deducting the widow's dower, federal income tax, expenses of administration, etc., is $317,-244.11, and the aggregate value of the life estate of the son is $183,-165.53.

The questions for decision were: (1) Did the devise and bequest to the trustees, according to the terms and conditions of the trust, create a taxable transfer under the statute, or was it a public charity within the meaning of the law, and hence exempt from the tax? and (2) if taxable, is the tax on the agreed value of the annuity to the son payable by him or by the trustees?

The statute (Rev. Laws Hawaii 1915, § 1323, as amended by Act No. 223, Laws of 1917) provides that all property which shall pass by will from any person who may die seized or possessed of the same, while a resident of the territory, to any person or persons in trust or otherwise, shall be subject to a tax of 3 per cent. on amounts between $100,000 and $250,000, where the beneficial interest therein or income thereof shall pass to or for the benefit of the testator's father, mother, husband, wife, child, or grandchild, and 6½ per cent. in other cases, except aliens and nonresidents, and—

"when property passes as provided herein in trust or otherwise, and the rights, interests or estates of the donees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of said contingencies or conditions, would be possible under the provisions of this act, and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred."

And by section 1324 it is provided:

"All property transferred to * * * any person, society, corporation, institution, or association of persons, in trust for or to be devoted to any charitable, benevolent, educational, or public purpose, by reason whereof any such person or corporation shall become beneficially entitled, in possession or expectancy, to any such property, shall be exempt from this tax."

The Supreme Court of the territory held that a devise to a trustee for charitable or educational purposes, in order to be exempt from an inheritance tax under the statute, must by the terms of the will be given up wholly to such purpose, and since the accumulation for educational purposes under Castle's will was not to begin "until after the fulfillment of other requirements imposed upon the trustees," it is not within the statute or exempt, and that as the entire estate, except a small piece of land devised to the widow, was, by the terms of the will, transferred to the trustees, the inheritance tax must be paid by them out of the corpus of the property, and no part thereof is chargeable against the subsequently agreed value of the equity of the son. Estate of Castle, 25 Hawaii, 108.

[1] The questions thus involved call for the construction of the local territorial statute, and while this court is, of course, not precluded from reviewing the ruling of the Supreme Court of the territory as it would a decision of a state Supreme Court under similar circumstances, it naturally will lean toward the interpretation adopted by that court, and will not be disposed to disturb the decision, unless there is clear error. Fox v. Haarstick, 156 U. S. 679, 15 Sup. Ct. 457, 39 L. Ed. 576; Copper Queen Consolidated Mining Co. v. Territorial Board of Equalization, 206 U. S. 474, 27 Sup. Ct. 695, 51 L. Ed. 1143; English v. Territory of Arizona, 214 U. S. 359, 29 Sup. Ct. 658, 53 L. Ed. 1030; Clason v. Matko, 223 U. S. 646, 32 Sup. Ct. 392, 56 L. Ed. 588. And no such error appears in the instant case.

[2] Under the Hawaiian statute, property, to be exempt from the tax, must be transferred in trust for or to be devoted to charitable or educational purposes and the like. Section 1324. Or, as put by the territorial court, it must, by the terms of the will, be given "up wholly" to the designated purpose, and such is not the fact here. By the express terms of the testator's will the educational purpose was to be initiated at such time as in the judgment of the trustees the estate "will be amply able to carry on without closing its commercial character," and after the fulfillment of the other requirements as in the will provided, and always subject to the discretion of the trustees to devote the property and its income to any business enterprise whatever which they may approve. In short, the time when the income of the estate or any part thereof is to be used for educational purpose is dependent upon the will and judgment of the trustees. There is no imperative duty imposed upon them to initiate the charity at any particular time, but they may, as they are expressly authorized to do, devote the entire income to new enterprises so long as their judgment approves, or a part to charity and a part to secular uses. And it surely cannot be held that a testator can thus transfer his property to trustees with practically unlimited power of management, control, and disposition, and exempt it from the payment of an inheritance tax by merely inserting a clause authorizing the trustees at their discretion and at such time as they may determine to devote it or a part thereof to an educational or charitable purpose.

[3] Upon the other question but little need be said. Under the territorial laws it is the act of passing property by will which is taxed,

and not the property itself. The inheritance tax is upon the transfer, and not the property transferred. (Estate of Brown, 24 Hawaii, 443; Robinson v. Treasurer, 22 Hawaii, 742; Farkas v. Smith, 147 Ga. 503, 94 S. E. 1016.

[4] The transfer in this case was made to the trustees, and not to or for the benefit of the son. By the will the entire estate, legal and equitable, passed to the trustees, charged, it is true, with the payment of an annuity to the son, if he should survive the widow; but that merely created a possible lien, and did not transfer to him any part of the estate or an interest therein. If the widow had taken under the will, instead of electing dower, the son would not have been entitled to any benefit thereunder until an indefinite time in the future (if he survived her), and then an uncertain amount, depending upon the discretion of the trustees and what he was receiving from certain other property.

The fact that the widow elected to take dower, and the interest of the son has been capitalized and paid over to him, has no bearing on the question whether the tax shall be paid by the son or the trustees. The question is to be determined as of the time of the testator's death, and as if no such payment had been made to the son. There can be but one transmission of property by a testator, and that is the one made by will; and when, as in this case, it is made to trustees, who take the legal and equitable title, with full power of disposition, management, and control, charged only with the payment of an annuity at some uncertain time and depending upon an uncertain event, the trustees become the other party to the succession, and a taxable transfer becomes complete. Nor does the latter clause of the act of 1917 affect the question for decision. The tax is not required by it to be paid by the beneficiary, but by the executor or trustees "out of the property transferred," and the property transferred in this case was that which passed by the will to the trustees.

It is suggested that the territorial court was in error in estimating the amount of the tax. There are two answers: First, it is in accordance with the stipulation of the parties that, if the agreed value of the interest of the son is to be included in the value of the estate for inheritance tax purposes, the inheritance tax, if any such is due and payable, amounts to the sum awarded by the court; and, second, the beneficial use of the property did not pass to or for the son, and therefore the rate of taxation was as adopted by the court.

It follows that the judgment should be affirmed; and it is so ordered.